Michael M. Ahmadshahi, Esq. (Bar No. 219933)
Email:  mahmadshahi@mmaiplaw.com
AHMADSHAHI LAW OFFICES
17901 Von Karman Avenue, Suite 600
Irvine, CA 92614
Telephone: 949.556.8800
Facsimile:  949.556.8701
Attorney for Plaintiffs
Oumere LLC and Wendy Ouriel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| OUMERE LLC, a Delaware Limited Liability Company and WENDY OURIEL, an Individual<br>    Plaintiffs,<br><br>v.<br><br>CALLI ZARPAS, an Individual<br>    Defendant. | Civil Action No.: 8:21-cv-00224<br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Oumere LLC ("Oumere") and Wendy Ouriel ("Ouriel") (collectively, "Plaintiffs") for their causes of action against defendant Calli Zarpas ("Zarpas" or "Defendant") allege as follows:

## INTRODUCTION

1. Oumere is a reputable American cosmetics company, established in Southern California. Oumere manufactures, markets, and distributes its state-of-the-art skin care products to distributors, retailers, and consumers in the United States and abroad. Oumere was launched a mere 3 years ago and has since become a uniquely successful company. Oumere has spent considerable resources to ensure its products, services, and reputation remain high-end. To meet this challenge, Oumere invests capital, time, and effort to design, test, and evaluate all manufactured products.

2. Wendy Ouriel is the founder and CEO of Oumere. Oumere's success is largely due to Ms. Ouriel and her biological research background and experience. Ms. Ouriel attended the California State University at Fullerton ("Cal State Fullerton") and received her Bachelor of Science ("B.S.") and Master of Science ("M.S.") in the field of biology. Cal State Fullerton is a reputable and accredited university located in Fullerton, California. Ms. Ouriel received her B.S. in 2012 and her M.S. in 2016 and is an author in published peer-reviewed literature in a biological science journal. Ms. Ouriel has spent, and continues to spend, considerable time and effort to provide essential skin care advice to her clients through her blogs on Oumere's website at: https://www.oumere.com/blogs/news.

3. Calli Zarpas is an individual who provides social media management, content marketing, and SEO blogging and copywriting services to businesses. Ms. Zarpas contacted Ms. Ouriel to solicit business from Oumere to no avail. Ms. Zarpas then decided to retaliate. She went on a rant and published reputation

damaging, false, defamatory, fraudulent, misleading and otherwise unlawful statements about Ms. Ouriel and her company Oumere on Reddit.

## NATURE OF THE ACTION

4. This action arises out of Defendant's retaliatory and extortionist conduct against Plaintiffs Oumere and Ouriel for refusing to purchase Defendant's services. Defendant posted reputation damaging, false, defamatory, fraudulent, misleading and otherwise unlawful statements on the Internet giving rise to Defamation, Trade Libel, Intentional Interference with Contractual Relations, and Intentional Interference with Prospective Economic Relations under California laws.

## PARTIES

5. Plaintiff Oumere is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Delaware, authorized to do business in the State of California, and has its principal place of business in Orange County, California.

6. Plaintiff Ouriel is, and at all times herein mentioned was, the founder and Chief Executive Officer of Oumere who resides in Orange County, California.

7. Upon information and belief, Defendant Zarpas is, and at all times herein mentioned was, an individual providing social media management, content marketing, and SEO blogging and copywriting services who resides in Fairfax County, Virginia.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

9. This Court has general personal jurisdiction over the Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by providing and offering her social media management, content marketing, and Search Engine Optimization ("SEO") blogging and copywriting services in this judicial district. This Court has specific personal jurisdiction over the Defendant because Defendant reached out to Ouriel to solicit Oumere's business and the tortious conducts that followed and which are at issue in this Complaint were conducted by Defendant in Orange County, California.

10. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Central District.

## COMMON ALLEGATIONS

11. On or about July 25, 2020, Defendant emailed Plaintiff Wendy Ouriel which read as follows:

> "Hi Wendy,
>
> My name is Calli and I have been a fan of your blog for almost a year now and have read all of your articles at least once. There are even blog posts I refer back to often like your 50 red flag ingredient list and your post about your favorite oils. (I'm finally trying your skincare regimen for the first time right now and I'm loving it so far.) I currently work as a professional social media manager and copywriter/blogger and I think the information you are trying to share should be reaching a much larger audience. I know you already have a group of committed fans, but I believe that Oumere could be reaching even more potential customers.

I usually don't reach out to businesses offering my services because my marketing manager finds jobs for me, but I am so passionate about what you're trying to do in the skincare industry that I know we would make a great team. I offer social media management, content marketing, and SEO blogging and copywriting.

I currently blog for Rosetta Stone and do some copywriting for a few small businesses. I am also managing the Instagram and Facebook page for a yoga studio. I have space in my calendar for one more client and when I was looking through your Instagram page the other day I noticed a few changes we could make to really get your engagement up.

You truly have a ground-breaking product and offer such value to your customers through your blog. I really would love to help you share that value with others who don't know what they're missing. I've been burned by the skincare industry before and I want to help you change it with my services.

Let me know if you're interested in taking Oumere to the next level with some awesome social media marketing and SEO-optimization for your blog."

Warmly,

Calli Zarpas

Social Media Manager & Writer"

    12.    When Oumere refused her services, Defendant decided to retaliate and posted the following false and defamatory statements ("Review") on Reddit[1] at:

---

[1] Defendant has since deleted the Review but did not publish a retraction even after the undersigned counsel sent her a demand letter, see below.

https://www.reddit.com/r/SkincareAddiction/comments/j3lrsn/review_oumere_scam_an_honest_review_of_a_skincare/

13. The Review read as follows:

"Posted by

u/wellnesspolice

2 months ago

**[Review] Oumere = Scam: An Honest Review of a Skincare Brand that's Hiding Something**

**Review**

I've been stalking this Reddit page without a Reddit account for about 6 months now and finally after being scammed by a skincare company I felt like I had to come on here and give back to the community who has given me so much by sharing that the skincare company Oumere is a scam. I always do a ton of research before buying any product and I was obsessed with the founder, Wendy, and her blog. Her blog posts always seemed research-backed and as a skincare biologist, I felt she was providing a lot of good info you couldn't find elsewhere with skin care chemists.

The Oumere products are really expensive and so it took me 5 months before I decided to try her travel kit, but when I did I totally regretted it. Not only did the products make me get pimples in places I never used to get them, like my cheeks, it also broke me out in small skin-colored bumps and it made pimples take longer to heal. I know that sounds crazy, but pimples that usually went away in 3-5 days stayed for a week or longer.

I followed the skincare routine's exact protocol and when I reached out with my issues, she simply said to stop using the products with no apology. Every review on the website was either a 5-star or 4-star review (which should've been a red flag) so I wanted to write a review from someone who the products didn't work

for. I tried to write a 1-star review and it immediately disappeared from the website when I refreshed the page. I ended up writing a five-star review with my 1-star words, which stayed on the page for about 10 minutes before getting deleted. It just makes me wonder how many other bad reviews she is hiding by immediately deleting them from her site.

I know I was probably stupid to fall for Oumere's tricks, but I really want this post to help anyone considering buying Oumere products because the company and Wendy are definitely hiding something. Is there anybody else who has had trouble with the Oumere products?"

14. Exhibit-1 is a true and correct copy of the Review as it appeared on Reddit.

15. As of October 2020, Reddit ranks as the 17th-most-visited website in the world and 7th most-visited website in the US, according to Alexa Internet, with 40.9% of its user base coming from the United States, followed by the United Kingdom at 10.0% and Canada at 5.2%.[2]

16. Upon information and belief, many consumers across the United States and abroad, including those in Orange County, California, have read the Review.

17. On at least two occasions, Plaintiffs' clients terminated their relations with Plaintiffs after reading Defendant's Review.

18. On or about December 10, 2020, Ouriel became aware of the Review.

19. On December 17, 2020, Oumere, through its undersigned counsel, served a demand letter on Defendant demanding, amongst others, removal and retraction of the Review on Reddit and all other platforms.

---

[2] See, https://en.wikipedia.org/wiki/Reddit.

20. On December 24, 2020, Defendant attempted to absolve herself from liability by offering to revise the Review.

21. On December 28, 2020, Oumere refused and reiterated its demands.

22. On January 5, 2021, Defendant, through her counsel, informed Oumere that she has removed the Review on Reddit but refused to retract.

23. From January 19, 2021 through January 21, 2021, the parties attempted to settle the dispute without court action to no avail, prompting filing of this Complaint.

## **COUNT I: DEFAMATION**

24. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–23 inclusive, as though fully set forth.

25. Plaintiffs, who previously enjoyed good reputation in the community, were defamed by Defendant's Review in which Defendant has made statements that are reasonably interpreted as stating actual facts that are provably false.

26. Such statements constituted libel *per se* in that the statements, directly or by implication, convey the false assertion that Oumere is a deceitful company and its owner and operator, Ouriel, is dishonest. Further, the statements, directly or by implication, convey the false assertions and that its owner and operator, Ouriel, does not have the expertise in skin care and skin care products. Further, the statements, directly or by implication, convey the false assertions that Oumere's products cause pimples. Furthermore, the statements, directly or by implication, convey the false assertions that Oumere deletes negative reviews on its website. Such statements damaged Plaintiffs as a natural consequence of the words, and amount to libel *per se*.

27. Such assertions were false because Defendant purchased and used Oumere's skin care products and in her email of July 25, 2020 to Ouriel stated that "I'm finally trying your skincare regimen for the first time right now and I'm loving

it so far"; Ouriel is an expert in biological sciences due to her academic credentials and work experience, which Defendant acknowledged in her email to Ouriel; Oumere's products were not the cause of Defendant's pimples since Defendant has admitted that she has had pimples on her face skin before; and Oumere did not delete negative reviews on its website but only flagged them as inaccurate through Oumere's standard moderation process.

28. As a direct and legal result of Defendant's false and defamatory statements, Plaintiffs have suffered at least $1,000,000 in respect of their property, business, trade, profession or occupation.

29. The assertions made in Defendant's statements were not privileged in that her false and defamatory statements were only made in malice and in retaliation when Oumere refused to purchase her services. Defendant acted with statutory "malice in fact" or "actual malice" in the sense that Defendant had a state of mind arising from hatred or ill will toward the Plaintiff's simply because they refused to engage her services.

30. Plaintiffs demanded a retraction within the statutory period, Defendant simply deleted the Review in an attempt to absolve herself of liability but did not publish any retraction within three weeks of service of the demand.

31. Defendant knew the statements were false, or acted with reckless disregard as to their truth or falsity as described herein.

32. Defendant was also negligent by publishing the statements without the exercise of reasonable care or reasonable effort to determine their truth or falsity as described herein.

33. In addition, Plaintiffs are entitled to punitive damages pursuant to California Civil Code Section 3294 in that Defendant's false and defamatory statements were made only to retaliate because Oumere refused to engage her

services and she acted with actual malice, and such damages should be awarded in the discretion of the court or jury.

34. An actual controversy exists between Plaintiffs and Defendant in that she has asserted and may continue to assert that she will make false and defamatory statements on Reddit and other platform, and unless this Court issues declaratory relief, will continue to repeat such defamatory assertions.

## **COUNT II: TRADE LIBEL**

35. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–34 inclusive, as though fully set forth.

36. Plaintiffs' products, which previously enjoyed good reputation in the community, were disparaged by Defendant's Review in which Defendant has made statements that are reasonably interpreted as stating actual facts that are provably false.

37. Such statements were disparaging in that the statements, directly or by implication, convey the false assertion that Oumere is a deceitful company and its owner and operator, Ouriel, is dishonest. Further, the statements, directly or by implication, convey the false assertions and that its owner and operator, Ouriel, does not have the expertise in skin care and skin care products. Further, the statements, directly or by implication, convey the false assertions that Oumere's products cause pimples. Furthermore, the statements, directly or by implication, convey the false assertions that Oumere deletes negative reviews on its website.

38. Such assertions were false because Defendant purchased and used Oumere's skin care products and in her email of July 25, 2020 to Ouriel stated that "I'm finally trying your skincare regimen for the first time right now and I'm loving it so far"; Ouriel is an expert in biological sciences due to her academic credentials and work experience, which Defendant acknowledged in her email to Ouriel; Oumere's products were not the cause of Defendant's pimples since Defendant has

admitted that she has had pimples on her face skin before; and Oumere did not delete negative reviews on its website but only flagged them as inaccurate through Oumere's standard moderation process.

39. As a direct and legal result of Defendant's false and defamatory statements, Plaintiffs have suffered at least $1,000,000 in respect of their property, business, trade, profession or occupation.

40. The assertions made in Defendant's statements were not privileged in that her false and defamatory statements were only made in malice and in retaliation when Oumere refused to purchase her services. Defendant acted with statutory "malice in fact" or "actual malice" in the sense that Defendant had a state of mind arising from hatred or ill will toward the Plaintiff's simply because they refused to engage her services.

41. Plaintiffs demanded a retraction within the statutory period, Defendant simply deleted the Review in an attempt to absolve herself of liability but did not publish any retraction within three weeks of service of the demand.

42. Defendant knew the statements were false, or acted with reckless disregard as to their truth or falsity as described herein.

43. Defendant was also negligent by publishing the statements without the exercise of reasonable care or reasonable effort to determine their truth or falsity as described herein.

44. In addition, Plaintiffs are entitled to punitive damages pursuant to California Civil Code Section 3294 in that Defendant's false and defamatory statements were made only to retaliate because Oumere refused to engage her services and she acted with actual malice, and such damages should be awarded in the discretion of the court or jury.

45. An actual controversy exists between Plaintiffs and Defendant in that she has asserted and may continue to assert that she will make false and defamatory

statements on Reddit and other platform, and unless this Court issues declaratory relief, will continue to repeat such defamatory assertions.

## COUNT III: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

46. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–45 inclusive, as though fully set forth.

47. Plaintiffs have contractual relations with manufactures, suppliers, vendors, marketers, advertisers, distributers and clients.

48. Plaintiffs have devoted time, efforts, resources, and money to secure those contractual relations over the years in order to sell their state-of-the-art skin care products in the United States and abroad.

49. Defendant knew of the above-described contractual relations.

50. Defendant intended to destroy those contractual relations when Oumere refused to engage her services and published the Review which was designed to destroy Plaintiffs' contractual relations.

51. Defendant's Review has disrupted the above-described contractual relations. On at least two occasions, Plaintiffs' clients terminated their relations with Plaintiffs due to Defendant's Review.

52. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered at least $1,000,000 and will continue to suffer damage, the amount of which will be proven at the time of trial.

53. The aforementioned acts of Defendant were willful, oppressive, fraudulent, or malicious. Plaintiffs are therefore entitled to punitive damages pursuant to California Civil Code Section 3294.

# COUNT IV: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

54. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–53 inclusive, as though fully set forth.

55. Plaintiffs have economic relationships with manufactures, suppliers, vendors, marketers, advertisers, distributers and clients that contain probable future economic benefits to Plaintiffs.

56. Plaintiffs have devoted time, efforts, resources, and money to secure those economic relationships over the years in order to sell their state-of-the-art skin care products in the United States and abroad.

57. Defendant knew of the above-described economic relationships.

58. Defendant intended to destroy those economic relationships when Oumere refused to engage her services and published the Review which was designed to destroy Plaintiffs' economic relationships.

59. Defendant's conduct as described herein was wrongful in that Defendant defamed Plaintiffs and disparaged their products by publishing the Review in which Defendant made statements that are reasonably interpreted as stating actual facts that are provably false.

60. Defendant's Review has interfered with the above-described economic relationships.

61. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered at least $1,000,000 and will continue to suffer damage, the amount of which will be proven at the time of trial.

62. The aforementioned acts of Defendant were willful, oppressive, fraudulent, or malicious. Plaintiffs are therefore entitled to punitive damages pursuant to California Civil Code Section 3294.

## COUNT V: NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS

63. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–62 inclusive, as though fully set forth.

64. Plaintiffs have contractual relations with manufactures, suppliers, vendors, marketers, advertisers, distributers and clients.

65. Plaintiffs have devoted time, efforts, resources, and money to secure those contractual relations over the years in order to sell their state-of-the-art skin care products in the United States and abroad.

66. Defendant's publication of the Review was foreseeable to harm Plaintiff's contractual relations.

67. Defendant nevertheless intended to interfere with those contractual relations when Oumere refused to engage her services and negligently published the Review to affect Plaintiffs' contractual relations.

68. Defendant's Review has disrupted the above-described contractual relations. On at least two occasions, Plaintiffs' clients terminated their relations with Plaintiffs due to Defendant's Review.

69. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer damage, the amount of which will be proven at the time of trial.

## COUNT VI: NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

70. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–69 inclusive, as though fully set forth.

71. Plaintiffs have economic relationships with manufactures, suppliers, vendors, marketers, advertisers, distributers and clients that contain probable future economic benefits to Plaintiffs.

72. Plaintiffs have devoted time, efforts, resources, and money to secure those economic relationships over the years in order to sell their state-of-the-art skin care products in the United States and abroad.

73. Defendant's publication of the Review was foreseeable to harm Plaintiff's economic relationships.

74. Defendant nevertheless intended to interfere with those economic relationships when Oumere refused to engage her services and negligently published the Review to affect Plaintiffs' economic relationships.

75. Defendant's conduct as described herein was wrongful in that Defendant defamed Plaintiffs and disparaged their products by publishing the Review in which Defendant made statements that are reasonably interpreted as stating actual facts that are provably false.

76. Defendant's Review has interfered with the above-described economic relationships.

77. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered at least $1,000,000 and will continue to suffer damage, the amount of which will be proven at the time of trial.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiffs respectfully requests that this Court enter an Order granting them the following relief:

A. For compensatory, general and special damages in an amount according to proof;

B. For injunctive relief;

C. For exemplary and punitive damages;

D. For pre and post judgment interest;

E. For attorney fees and costs;

F. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 2, 2021,     AHMADSHAHI LAW OFFICES

By: <u>/s/Michael M. Ahmadshahi</u>
     Michael M. Ahmadshahi, PhD, Esq.
     Attorney for Plaintiffs
     Oumere and Ouriel

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all matters to which they are entitled by law.

Dated: February 2, 2021,

                By:    /s/Michael M. Ahmadshahi
                        Michael M. Ahmadshahi, PhD, Esq.
                        AHMADSHAHI LAW OFFICES
                        17901 Von Karman Avenue, Suite 600
                        Irvine, CA 92614
                        Telephone:  949.556.8800
                        Facsimile:   949.556.8701
                        Email:       mahmadshahi@mmaiplaw.com
                        Attorney for Plaintiffs
                        Oumere and Ouriel

COMPLAINT