**THE SYVERSON LAW FIRM**
Erik Swen Syverson, Esq. (Bar No. 221933)
erik@syversonlaw.com
2288 Westwood Blvd., Suite 212
Los Angeles, CA 90064
Telephone: (310) 270-6000

**BROWN, NERI, SMITH & KHAN LLP**
Geoffrey A. Neri (SBN 258802)
geoff@bnsklaw.com
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
Tel: (310) 593-9890
Fax: (310) 593-9980

Attorneys for Defendant Calli Zarpas

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

OUMERE, LLC, a Delaware limited liability company; WENDY OURIEL, an individual

Plaintiff,

vs.

CALLI ZARPAS, an individual

Defendant.

Case No. 8:21-CV-00224-DOC-JDE

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CALLI ZARPAS' MOTION TO STRIKE MADE PURSUANT TO CAL. CODE CIV. PROC. § 425.16**

DATE: April 12, 2021
TIME: 8:30 a.m.
CTRM: 9D

# TABLE OF CONTENTS


I. INTRODUCTION. .... 1

II. BACKGROUND. .... 2

A. The Parties. .... 2

B. Public Interest and Conversations About Oumere Products and Wendy Ouriel .... 2

C. Case History. .... 2

D. Plaintiffs' Causes of Action. .... 2

III. LEGAL STANDARD .... 3

IV. ARGUMENT .... 6

A. Plaintiff's Claims Arise From Zarpas' Protected Acts in Furtherance of Her Right to Free Speech .... 6

1. Zarpas' Internet Posting Was Made in a Public Forum .... 6

2. Zarpas' Internet Posting Concerns an Issue of Public Interest .... 7

B. Plaintiffs Cannot Establish a Probability of Prevailing on their Claims. .... 9

1. Plaintiff Cannot Establish Defamation. .... 10

2. Plaintiff Cannot Establish Trade Libel. .... 13

3. Plaintiffs Cannot Establish Their Business Tort Claims .... 14

C. Defendant Is Entitled to Recover Her Attorneys' Fees and Costs. .... 15

V. CONCLUSION. .... 15

# TABLE OF AUTHORITES

Cases

*Chaker v. Mateo*, 209 Cal. App. 4th 1138 (2012) .......................................... passim

*ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993 (2001) ............... 7, 10, 11, 12

*Gilbert v. Sykes*, 147 Cal.App.4th 13, 23 (2007) ...................................................... 7

*Global Telemedia International, Inc. v. Doe 1*, 132 F. Supp. 2d 1261 (C. D. Cal. 2001) ........................................................................................................... 11

*Gregory v. McDonnell Douglas Corp.*, 17 Cal.3d 596 (1976) .................................. 10

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277 (2014) ............... 12

*Hecimovich v. Encinal School Parent Teacher Organization*, 203 Cal. App. 4th 450 (2012) ............................................................................................................. 7

*Kashian v. Harriman*, 98 Cal. App. 4th 892 (2002) ........................................ passim

*Ketchum v. Moses*, 24 Cal.4th 1122 (2001) .............................................................. 13

*Krinsky v. Doe 6*, 159 Cal.App.4th 1154, 1162 (2008) ....................................... 9, 11

*Kyle*, 71 Cal. App. 4th at 907 ....................................................................................... 8

*Makaeff v. Trump University, LLC*, 715 F.3d 254, 261-263 (9th Cir. 2013)...........8

*Metabolife International, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) 5

*Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963 (9th Cir. 1999) ..... 4

*Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356 (2001) ..................................... 4

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP*, 133 Cal. App. 4th 658 (2005) ........................................................................................... 5, 8

*Price v. Stossel*, 590 F. Supp. 2d 1262 (C.D. Cal. 2008), aff'd, 620 F.3d 992 (9th Cir. 2010) ............................................................................................................ 4

*Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165 (2000) ................ 9

*Rusheen v. Cohen,* 37 Cal.4th 1048 (2006) ................................................................ 4

*Schaffer v. City and Court of San Francisco*, 168 Cal. App. 4th 992 (2008) ......... 4, 5

*Summit Bank v. Rogers*, 206 Cal. App. 4th 669 (2012) .................................... passim

*Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534 (2005) ................................ 10

*Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206 (9th Cir. 2005) ............................. 4

*Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004)....................2, 4

*Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)....................5

*Wilbanks v. Wolk*, 121 Cal.App.4th 883 (2004)....................7

*Wong v. Tai Jing*, 189 Cal. App. 4th 1354 (2010)....................8

Statutes

California Civil Code §47....................10

Code of Civil Procedure § 425.16....................4, 6, 13

Other Authorities

5 Witkin, Summary 11th Torts § 750 (2017)....................12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Calli Zarpas ("Defendant" or "Zarpas") has been sued by Plaintiffs Oumere and Wendy Ouriel (collectively "Plaintiffs"), based upon statements related to Zarpas' pimples. After using Plaintiffs' skincare products, pimples appeared on Zarpas' cheeks. Zarpas publicly reported about her pimples on the popular social media site www.reddit.com. Additionally, she reported on the suspicious deletion of her reviews posted upon Plaintiffs' website. In Zarpas' opinion, she had been scammed and stated so. Every day in this country, tens of thousands of consumers similarly report their reviews and opinions on a wide range of publicly available products and services ranging from hamburgers to legal services.

Zarpas' statements, on an issue of consumer public interest and comprised of opinion, are not actionable as a matter of law. Plaintiffs' meritless claims taken as a whole are a textbook example of a "strategic lawsuit against public participation" ("SLAPP")—lawsuits typically brought by powerful businesses in order silence and harass their critics by forcing them to spend money to defend these baseless suits. SLAPP filers, such as Plaintiffs, seek to intimidate those who criticize or disagree with them or their activities by draining the target's financial resources.

For that reason, the California legislature has provided defendants such as Zarpas with a procedure, the special motion to strike ("Anti-SLAPP motion", to quickly weed out SLAPP lawsuits before being subjected to costly and time-consuming litigation. In this instance, Zarpas' Anti-SLAPP motion must be granted under current binding California case law. *See, e.g.*, *Chaker v. Mateo*, 209 Cal. App. 4th 1138 (2012) (hereinafter, "*Chaker*") and *Summit Bank v. Rogers*, 206 Cal. App. 4th 669 (2012) (hereinafter, "*Summit Bank*"). Additionally, Zarpas is entitled to attorneys' fees and costs upon prevailing on this motion, as she should. *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

## II. BACKGROUND

### A. The Parties.

Wendy Ouriel is the owner/founder of Oumere, a company that sells skincare products. Ouriel promotes her products by publishing disparaging reviews of competing skincare products. (*See* Declaration of Erik Swen Syverson ("Syverson Decl."), Exhibit "1".)

Defendant Calli Zarpas was born on February 2nd, 1996 in Washington, D.C. She studied Literature and Language at Virginia Tech University where she graduated Summa Cum Laude in 2018. Zarpas now lives in Richmond, Virginia where she works as a freelance digital marketer and blogger. (*See* Declaration of Calli Zarpas ("Zarpas Decl.") at ¶ 1.)

### B. Public Interest and Conversations About Oumere Products and Wendy Ouriel

As reflected in national press coverage by the New York Times, Plaintiffs and their products are a topic of public interest and concern. (*See* Exhibit 2 to Syverson Decl.) Zarpas' statements concerning Plaintiffs took place within the context of a larger ongoing public debate regarding Plaintiffs. (*See* Exhibits 3, 4 and 5 to Syverson Decl.).

### C. Case History.

After Zarpas published her statements, Plaintiffs sent correspondence to Zarpas seeking money under threat of litigation. In a twist of irony, Plaintiffs allege that Zarpas engaged in extortion. Nevertheless, in a magnanimous gesture Zarpas deleted her comments. Lest no good deed go unpunished, Plaintiffs filed this lawsuit thereafter.

### D. Plaintiffs' Causes of Action.

Plaintiffs' claims are based upon Zarpas' public statement of her opinions and experiences with Plaintiffs' consumer products.

In their first cause of action for "Defamation", Plaintiffs allege the statements

made by Zarpas were "libel per se in that the statements, directly or by implication, convey the false assertion that Oumere is a deceitful company and its owner and operator, Ouriel, is dishonest." [Dkt. No. 1 (Complaint) at ¶ 26.]_

In their second cause of action for "Trade Libel," Plaintiffs allege "Plaintiffs' products, which previously enjoyed good reputation in the community, were disparaged by Defendant's Review in which Defendant has made statements that are reasonably interpreted as stating actual facts that are provably false." (Complaint ¶ 36.)

In their third cause of action for "Intentional Interference with Contractual Relations," Plaintiffs allege that "Defendant knew of the above-described contractual relations. Defendant intended to destroy those contractual relations when Oumere refused to engage her services and published the Review which was designed to destroy Plaintiffs' contractual relations." (Complaint ¶¶ 49-50.)

In their fourth cause of action for "Intentional Interference with Prospective Economic Advantage," Plaintiffs allege that "Defendant knew of the above-described economic relationships. Defendant intended to destroy those economic relationships when Oumere refused to engage her services and published the Review which was designed to destroy Plaintiffs' economic relationships." (Complaint ¶¶ 57-58.)

In their fifth cause of action for "Negligent Interference with Contractual Relations," Plaintiffs allege that "Defendant's publication of the Review was foreseeable to harm Plaintiff's contractual relations." (Complaint ¶ 66.)

Finally, in their sixth cause of action for "Negligent Interference with Prospective Economic Advantage," Plaintiffs allege that "Defendant's Review has interfered with the above-described economic relationships." (Complaint ¶ 76.)

## III. LEGAL STANDARD

It is well established that state claims in federal court are subject to California's anti-SLAPP law. *See, e.g., Newsham v. Lockheed Missiles & Space Co.,*

*Inc.*, 190 F.3d 963, 970-73 (9th Cir. 1999); *Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206, 1207 (9th Cir. 2005) (reversing district court for failing to apply anti-SLAPP statute); *Price v. Stossel*, 590 F. Supp. 2d 1262, 1266 (C.D. Cal. 2008), aff'd, 620 F.3d 992, 1000 (9th Cir. 2010). "[D]efendants sued in federal court can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

"The Legislature enacted ... section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." *Rusheen v. Cohen,* 37 Cal.4th 1048, 1055–1056 (2006). The purpose of the anti-SLAPP statute is to encourage participation in matters of public significance and prevent meritless litigation designed to chill the exercise of First Amendment rights. CCP § 425.16 (a). The Legislature has declared that the statute must be "construed broadly" to that end. *Id*.

The anti-SLAPP statute "establishes a procedure by which the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation." *Schaffer v. City and Court of San Francisco*, 168 Cal. App. 4th 992, 998 (2008). The procedure is a two-step process courts employ to determine whether to grant the anti-SLAPP motion made under California Code of Civil Procedure 425.16. *Id.*

"First, the court decides whether the defendant has made a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 906 (2002) (quoting *Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356, 1364 (2001)). Second, "[i]f the court finds the defendant has made the requisite showing, the burden then shifts to the plaintiff to establish a 'probability' of prevailing on the claim by making a prima facie showing of facts that would, if proved, support a

judgment in the plaintiff's favor." *Kashian*, 98 Cal. App. 4th at 906 (citing Kyle v. Carmon, 71 Cal. App. 4th 901, 907 (1999)); *see also Chaker*, 209 Cal. App. 4th at 1142-43 and Summit Bank, 206 Cal. App. 4th at 681. With respect to the second step, a defendant's anti-SLAPP motion should be granted either "by showing the plaintiff cannot establish an element of its cause of action or by showing there is a complete defense to the cause of action . . . ." *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP*, 133 Cal. App. 4th 658, 676 (2005) (emphasis in original).

The purpose of the anti-SLAPP statute is "to curtail the chilling effect meritless lawsuits may have on the exercise of free speech and petition rights, and the statute is to be interpreted broadly to accomplish that goal." *Schaffer*, 168 Cal. App. 4th at 998. In addition, the anti-SLAPP statute is designed "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting *Metabolife International, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001)).

"Nothing in the statute ... excludes any particular type of action from its operation." *Navellier v. Sletten*, 29 Cal.4th 82, 92 (2002). The anti-SLAPP law has been applied to each of the causes of action Plaintiffs have alleged in their Complaint here: defamation (*Barrett v. Rosenthal*, 40 Cal.4th 33 (2006)); trade libel (*Raining Data Corp. v. Barrenechea*, 175 Cal.App.4th 1363, 1368-72 (2009)); interference with contractual relations (*GeneThera, Inc. v. Troy & Gould Professional Corp*., 171 Cal.App.4th 901, 907-8 (2009)); and interference with prospective economic advantage (*Lee v. Fick*, 135 Cal.App.4th 89 (2005).)

Several of Plaintiffs' claims here are among the favored causes of actions in SLAPPs: "[t]he favored causes of action in SLAPP suits are defamation, various business torts such as interference with prospective economic advantage . . . ." *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994).

## IV. ARGUMENT

### A. Plaintiff's Claims Arise From Zarpas' Protected Acts in Furtherance of Her Right to Free Speech

The first inquiry the court must conduct is to determine "whether the defendant has made a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue." *Kashian*, 98 Cal. App. 4th at 906 (citation omitted).

California's anti-SLAPP statute defines an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" as follows:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest. Cal. Code Civ. Proc. §§ 425.16(e).

As set forth herein, the internet posting made by Zarpas about which Plaintiffs are complaining was a statement made in a public forum regarding an issue of public interest.

#### 1. *Zarpas' Internet Posting Was Made in a Public Forum*

California case law clearly establishes that internet postings on consumer-oriented and bulletin board websites—such as the website where Zarpas made the

posting about Plaintiffs—are statements made in a "public forum" for purposes of California's anti-SLAPP statute. As the California Court of Appeal has stated:

> [W]e view the Internet as an electronic bulletin board open to literally billions of people all over the world. [citation omitted] The Internet is a classic public forum which permits an exchange of views in public about everything from the great issues of war, peace, and economic development to the relative quality of the chicken pot pies served at competing family restaurants in a single small neighborhood.
>
> *Chaker*, 209 Cal. App. 4th at 1146 (emphasis added); see also *Summit Bank*, 206 Cal. App. 4th at 693 ("Without a doubt, Internet message boards are places 'open to the public or a public forum' for purposes of section 425.16.").

2. *Zarpas' Internet Posting Concerns an Issue of Public Interest*

In considering whether a statement is made regarding an issue of "public interest" such that it is subject to a motion to strike under California's anti-SLAPP statute, courts must construe the statement broadly. *Chake*r, 209 Cal. App. 4th at 1146 (citing and quoting *Hecimovich v. Encinal School Parent Teacher Organization*, 203 Cal. App. 4th 450, 464 (2012)). "An 'issue of public interest' is 'any issue in which the public is interested.'" *Chaker*, 209 Cal. App. 4th at 1146 (citations omitted) (emphasis in original).

"[R]ecogniz[ing] the importance of the public's access to consumer information[,]" California courts have consistently and routinely decided that consumer information is a matter of public interest. *See Paradise Hills Associates v. Procel*, 235 Cal.App.3d 1528, 1544 (1991); *see also Melaleuca, Inc. v. Clark*, 66 Cal.App.4th 1344, 1363 (1998) ("the public has a well-recognized interest in knowing about the quality and contents of consumer goods.")

In *Wilbanks v. Wolk*, the defendant posted a number of highly critical statements on a website about a viatical settlements broker. Even though the

"business practices [did] not affect a large number of people," the court determined that the statements were protected under the anti-SLAPP statute because it was consumer information. *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 898-899 (2004).

In *Chaker*, statements posted on RipoffReport.com about plaintiff's business practices and character were intended to serve as a warning to consumers about his trustworthiness, and were found to be of public interest. *Chaker*, 209 Cal.App.4th at 1146; *see also Carver v. Bonds*, 135 Cal.App.4th 328, 343-344 (2005) (newspaper article about medical practitioner involved issue of public interest where information would assist others in choosing doctors); *DuPont Merck Pharmaceutical Co. v. Superior Court*, 78 Cal.App.4th 562, 564, 566-567 (2000) (claim that manufacturer disseminated false information concerning effectiveness of drug used by many was an issue of public interest). And the Ninth Circuit Court of Appeals has clearly held that "[u]nder California law, statements warning consumers of fraudulent or deceptive business practices constitute a topic of widespread public interest, so long as they are provided in the context of information helpful to consumers." *Makaeff v. Trump University*, LLC, 715 F.3d 254, 262 (9th Cir. 2013).

As set forth above, and even as implicitly acknowledged in Plaintiffs' Complaint, the products sold by Plaintiffs are certainly topics of consumer public interest, including national media coverage, advertising materials and social media discussions. Zarpas' internet posting concerns Plaintiffs' character and business practices. Just as in *Chaker* and the other consumer cases cited above, the posting was intended to serve as a warning to consumers about Plaintiffs and their trustworthiness in business.

Thus, the postings clearly relate to an "issue of public interest." *Id. See also Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 694 (2012) (comments on Internet message board, disparaging the bank's management decisions and financial stability, related to "an issue of public interest" within protection of anti-SLAPP statute); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993 (2001) (disparaging

comments about a business, as posted on Internet sites, were made in connection with issue of public interest, for purposes of motion to strike); *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 895 (2004) (statements published on defendant's website "hardly could be more public"); *Gilbert v. Sykes*, 147 Cal.App.4th 13, 23-24 (2007) (website post criticizing plastic surgeon was within protection of anti-SLAPP).

**B. Plaintiffs Cannot Establish a Probability of Prevailing on their Claims.**

As set forth above, Zarpas has made the prima facie showing that is required to establish that the internet posting about which Plaintiffs complain was a written statement made in a public forum regarding an issue of public interest. Thus, the burden shifts to Plaintiffs "to establish a 'probability' of prevailing on the claim by making a prima facie showing of facts that would, if proved, support a judgment in the plaintiff's favor." *Kashian*, 98 Cal. App. 4th at 906 (citing *Kyle*, 71 Cal. App. 4th at 907).

In *Summit Bank*, the California Court of Appeal described the inquiry in the second step of the anti-SLAPP analysis as follows:

> To satisfy this second prong of the anti-SLAPP analysis, " ' "the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.]" [Citation.]' [Citation.] 'Thus, plaintiffs' burden as to the second prong of the anti-SLAPP test is akin to that of a party opposing a motion for summary judgment.' [Citation.] If the plaintiff fails to carry that burden, the cause of action is 'subject to being stricken under the statute.' [Citation.]"
>
> 206 Cal. App. 4th at 695 (citations omitted).

As noted above, with respect to the second step, a defendant's anti-SLAPP motion should be granted either "by showing the plaintiff cannot establish an

element of its cause of action or by showing there is a complete defense to the cause of action . . . ." *Peregrine Funding, Inc.*, 133 Cal. App. 4th at 676.

1. *Plaintiff Cannot Establish Defamation.*

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1369 (2010). In "all cases of alleged defamation, whether libel or slander, the truth of the offensive statements or communication is a complete defense against civil liability, regardless of bad faith or malicious purpose," and while the defendant must meet its "burden to 'justify,' or show the truth of the statements… the defendant need not justify the literal truth of every word of the allegedly defamatory matter. It is sufficient if the substance of the charge is proven true, irrespective of slight inaccuracy in the details, 'so long as the imputation is substantially true so as to justify the 'gist or sting' of the remark'." *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1180–81 (2000).

*Franklin v. Dynamic Details, Inc* lays out the analysis for determining whether opinion related statements can be defamatory. 116 Cal.App.4th 375 (2004). In finding that emails alleging copyright theft and similar claims were non-actionable opinions, the Court explained "the question is not strictly whether the published statement is fact or opinion ... [r]ather, the dispositive question is whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact." *Id*. at 385. "[S]atirical, hyperbolic, imaginative, or figurative statements are protected because 'the context and tenor of the statements negate the impression that the author seriously is maintaining an assertion of actual fact.' " *Id*. An opinion or legal conclusion is actionable only " 'if it could reasonably be understood as declaring or implying actual facts capable of being proved true or false.' " *Id*. at 386. An opinion is not actionable if it discloses all the statements of fact on which the opinion is based and those statements are true. *Id*. at 387. In

determining whether a statement is actionable, the Court must examine the totality of the circumstances, starting with the language of the statement. *Id*. at 385.[1]

Additionally, Civil Code section 47 provides a qualified privilege for statements made "without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Civil C. § 47 (c). *Kashian v. Harriman*, 98 Cal. App. 4th 892, 930 (2002) (privilege applied where parties "shared a common business or professional interest in" topic discussed).

*(a) The Reddit Post is Non-Actionable Opinion or Hyperbole*

Determining whether a particular communication is actionable can be difficult, and "what constitutes a statement of fact in one context may be treated as a statement of opinion in another, in light of the nature and content of the communication taken as a whole." *Gregory v. McDonnell Douglas Corp*., 17 Cal.3d 596, 601 (1976). "To decide whether a statement is fact or opinion, a court must put itself in the place of an average reader and determine the natural and probable effect of the statement, considering both the language and the context. [Citation.]" (*ComputerXpress*, *supra*, 93 Cal.App.4th at 1011. This means that [the defendant's] statements must be viewed from the perspective of the average reader of an Internet site . . . . *Id.*

---

[1] In determining statements are nonactionable opinions, several cases have noted the tenor of the Internet forums. *See, e.g. Chaker v. Mateo*, 209 Cal. App. 4th 1138, 1149 (2012) (statements in online forum "to the effect Chaker picks up street walkers and homeless drug addicts and is a dead beat dad" would not "be interpreted by the average Internet reader as anything more than the insulting name calling"); *Summit Bank v. Rogers,* 206 Cal.App.4th 669, 696–701 (2012) (statements that CEO used the bank as her personal bank and the plaintiff was a "problem bank," suggesting the CEO was misappropriating money and the bank was on the verge of insolvency were non-actionable opinion); *Krinsky v. Doe 6*, 159 Cal.App.4th 1154, 1162 (2008) (statement that plaintiffs were "a management consisting of boobs, losers and crooks" and that "Natan had been CFO of at least 3 bankrupt companies and I know Seifer filed for personal bankruptcy and roughed up some patients, shares a rolls royce and a bently [sic ] with the President and a $15mm [sic ] mansion," were hyperbolic opinions.).

In light of the applicable standards, Zarpas' post on the Reddit website can only be construed as stating non-actionable opinions, including those based on disclosed substantially true facts. Zarpas discloses that Plaintiffs' products were an expensive purchase for her. She developed acne after using this product. In her opinion, Plaintiffs products were a "scam" because they were expensive and ineffective. Similarly, in Zarpas' opinion, Plaintiffs were "hiding something" because of her experience reviewing Plaintiffs' products on Plaintiffs' website. Thus, the post asserts a non-actionable opinion based on substantially true facts. *See Franklin, supra*, 116 Cal.App.4th 375 (e-mails contained opinions based upon fully disclosed, provably true facts, and thus were not actionable as libel).

Moreover, the gist or sting of the post, in context, is simply to share Zarpas' consumer experience with other consumers considering the purchase of Plaintiffs' products, qualifying as privileged and protected speech on a common pecuniary interest. *See Kashian v. Harriman*, 98 Cal. App. 4th 892, 930 (2002). Internet postings such as the Reddit post can only be reasonably construed as opinions based upon the informal nature of the publication. *E.g. Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 699 (2012) (messages obviously "intended to be free-flowing diatribes" without "proper spelling or grammar, and which strongly suggest that" "unsophisticated, florid opinions" and "context further undermines" any "expectation that the posts are to be understood as assertions of fact.").

In addition to *Chaker* and *Summit Bank*, there are numerous other cases in which courts have determined that statements are nonactionable opinion based in large part on the fact that the statements were deemed unreliable because they were made in internet forums. These cases include: *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1178 (2008) (holding that posts on a Yahoo! message board "fall into the crude, satirical hyperbole which, while reflecting the immaturity of the speaker, constitute protected opinion under the First Amendment"); *Computerxpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1013 (2001) ["[W]hile the postings certainly could

be considered disparaging, their tone and content identified them as statements of opinion and not fact"]; and *Global Telemedia International, Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1270 (C. D. Cal. 2001) ("Given the general context of the postings, the colorful and figurative language of the individual postings, the inability to prove the statements true or false, and in one case, the posting of documents to support the poster's statements, the postings are opinions.").

2. *Plaintiff Cannot Establish "Trade Libel.*

A trade libel is an intentional disparagement of the quality of property that results in pecuniary damage. 5 Witkin, Summary 11th Torts § 750 (2017). In California, a claim for trade libel requires "(1) a publication; (2) which induces others not to deal with plaintiff; and (3) special damages" caused by a "false or misleading statement" which (4) "must specifically refer to the plaintiff's product or business, and" (5) "must clearly derogate that product or business." *Hartford Cas. Ins. Co. v. Swift Distribution, Inc*., 59 Cal. 4th 277, 290-291 (2014). Thus, it is similar to a defamation claim in that it requires a provably false statement of fact, and not mere opinion. *ComputerXpress v. Jackson,* 93 C.A.4th 993, 1010 (2001).

As set forth above, Plaintiffs' claims are not based on provably false statements that derogate Plaintiffs' business. Furthermore. the plaintiff in a trade libel claim must specifically plead *and prove* special damages. In the context of trade libel, special damages usually means pecuniary damages resulting from the diminished marketability of the property, or loss of prospective contracts with the plaintiff's customers. *Atlantic Mutual Ins. Co. v. J. Lamb, Inc*., 100 Cal. App. 4th 1017, 1035 (2002). In trade libel, pecuniary loss to the plaintiff must always be proved. *Polygram Records, Inc. v. Sup. Court*, 170 Cal. App. 3d 543, 549 (1985).

For example, in *Mann v. Quality Old Time Service, Inc*., 120 Cal. App. 4th 90, a corporation that engaged in the business of maintaining industrial water systems brought an action against a competitor, alleging causes of action for defamation, trade libel, interference with contractual relationship, and intentional interference

with prospective economic advantage, arising from the competitor making disparaging remarks to the corporation's customers and falsely reporting the corporation's illegal acts to interested governmental agencies. at 100-01. The court held that the trade libel claim was deficient as lacking the requisite showing of pecuniary loss. *Id.* at 109.

Plaintiff will not be able to prove any pecuniary loss from a single Reddit review. Moreover, given other critical consumer testimonial reviews of Plaintiffs' products, there is no way to tie any special damages to Zarpas' Reddit post rather than the other critical consumer online posts. *See Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 394 (2004) (plaintiff cannot rely on logical fallacy of post hoc, ergo propter hoc). Thus, Plaintiffs cannot sustain their burden of establishing a probability of prevailing of prevailing on this cause of action.

3. *Plaintiffs Cannot Establish Their Business Tort Claims* .

Plaintiffs allege both intentional and negligent causes of action for Interference with Contractual Relations and Interference with Prospective Economic Advantage (herein referred to as the "business torts").

While Plaintiffs must put on prima facie evidence to support the business torts, they will fail because Plaintiffs have not and cannot identify even one contractual or economic relationship affected by Zarpas. Furthermore, Plaintiffs cannot demonstrate that Zarpas had any knowledge of any such relationships much less any intent to interfere with such relationships. These business tort claims appear to be more spaghetti thrown on the District Court wall, with the hopes that some may stick. Indeed, California law does not even recognize a cause of action for negligent interference with contractual relations. *See, e.g., Fifield Manor v. Finston*, 54 Cal.2d 632 (1960). If such claims were permitted to proceed, the public policy implications would be truly frightening. Every consumer products company in America would have license to bully its way to only positive press, thereby permanently chilling the voice of the American consumer.

### C. Defendant Is Entitled to Recover Her Attorneys' Fees and Costs.

If the motion is granted, the offensive pleading must be stricken without leave to amend. *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001). Further, *Zarpas*, as the "prevailing defendant" on the motion to strike, "shall be entitled" to recover her attorney's fees and costs. Code Civ. Proc. § 425.16, subd. (c), emphasis added. "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). The fee-shifting provision is intended to discourage lawsuits that are SLAPPs and encourage representation in suits for parties who might otherwise be unable to defend themselves. *Id.*; *see also Metabolife Int'l., Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002) ("'The right of prevailing defendants to recover their reasonable attorney fees under section 425.16 adequately compensates them for the expense of responding to a baseless lawsuit'").

Zarpas is therefore entitled to recover her fees and costs as a matter of right and will make a separate fee application to the Court upon entry of an order striking Plaintiffs' claims.

## V. CONCLUSION

Plaintiffs' claims are a classic and unfounded SLAPP, brought to harass Defendant and chill conversation designed to promote discussion of a publicly available consumer product. Plaintiffs' claims arise from free speech and conduct in furtherance thereof and are baseless and must be stricken.

Respectfully submitted,

Dated: March 15, 2021

**THE SYVERSON LAW FIRM**

By: /s/ Erik S. Syverson
Erik S. Syverson

Attorneys for Defendant Calli Zarpas

**CERTIFICATE OF SERVICE**

I, Geoffrey A. Neri, hereby declare under penalty of perjury as follows:

I am an attorney at the law firm of Brown Neri Smith & Khan, LLP, with offices at 11601 Wilshire Blvd., Ste. 2080, Los Angeles, California 90025. On the date below, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on March 15, 2021

/s/ Geoffrey A. Neri