**THE SYVERSON LAW FIRM**
Erik Swen Syverson, Esq. (Bar No. 221933)
  erik@syversonlaw.com
2288 Westwood Blvd., Suite 212
Los Angeles, CA 90064
Telephone: (310) 270-6000

**BROWN, NERI, SMITH & KHAN LLP**
Geoffrey A. Neri (SBN 258802)
  geoff@bnsklaw.com
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
Tel: (310) 593-9890
Fax: (310) 593-9980

Attorneys for Defendant Calli Zarpas

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| OUMERE, LLC, a Delaware limited liability company; WENDY OURIEL, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CALLI ZARPAS, an individual<br><br>Defendant. | Case No. 8:21-CV-00224-DOC-JDE<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF DEFENDANT CALLI ZARPAS' MOTION TO STRIKE MADE PURSUANT TO CAL. CODE CIV. PROC. § 425.16**<br><br>DATE: April 12, 2021<br>TIME: 8:30 a.m.<br>CTRM: 9D |

# TABLE OF CONTENTS

I. INTRODUCTION. ................................................................................................1

II. ARGUMENT-IN-REPLY ....................................................................................2

    A. Defendant's Statements Were Made In Connection With an Issue of Public Interest. ........................................................................2

    B. Plaintiffs Have Not Demonstrated a Reasonable Probability of Prevailing on on Any of their Claims ............................4

        1. Plaintiffs Have Not Demonstrated a Reasonable Probability of Prevailing on their Defamation and Trade Libel Claims ...........4

        2. Plaintiffs Have Not Demonstrated a Reasonable Probability Of Prevailing on their Interference Claims.......................................5

III. CONCLUSION. ...................................................................................................7

# TABLE OF AUTHORITES

**Cases**

*Chaker v. Mateo*, 209 Cal. App. 4th 1138 (2012) ...................................................... 3, 4

*Global Telemedia Intern., Inc. v. Doe I*, No. SACV00-1155-DOC(EEX), 132 F.Supp.2d 1261 (C.D. Cal. 2001) ...................................................................... 3

*Korea Supply Company v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003) ............. 6

*Krinsky v. Doe 6*; 159 Cal.App.4th 1154 (2008) .......................................................... 3

*McGarry v. University of San Diego*, 154 Cal.App.4th 97 (2007) ............................. 4

*Polygram Records, Inc. v. Superior Court*, 170 Cal.App.3d 543 (1985) .................... 5

*Summit Bank v. Rogers*, 206 Cal.App.4th 669 (2012) ................................................. 3

**Statutes**

California Civil Code § 425.16(e) ................................................................................ 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In their opposition briefing, Plaintiffs Oumere and Wendy Ouriel (together, "Plaintiffs") fail to distinguish this case from the long line of cases wherein California courts have held that consumer reviews of commercial products are entitled to the protection of California's anti-SLAPP statute. Indeed, Plaintiffs do not even make so much as an attempt to meaningfully address those cases, let alone distinguish them. The Court therefore can and should make short shrift of Plaintiffs' argument that Defendant Calli Zarpas ("Zarpas") has failed to meet her burden at step 1 of the anti-SLAPP analysis to demonstrate that her speech is protected by and falls within the ambit of the anti-SLAPP statute.

With respect to step 2 of the anti-SLAPP statute, Plaintiffs fare no better. They fail to demonstrate a reasonable probability of prevailing on any of their claims, all of which are predicated on non-actionable statements of opinion by Zarpas about the Plaintiffs' products and her conjecture that Plaintiffs were hiding negative information about those products by deleting negative reviews from the company's website. Plaintiffs can point to no provably false assertion of fact in the consumer review at issue in this case, which is not surprising because there is none.

Nor have Plaintiffs presented competent evidence of any damages at all, let alone special damages as required, resulting from the review. Plaintiffs offer nothing more than Plaintiff Wendy Ouriel's opinion that her four-year old business—a self-described "small up-and-coming startup company"—has inexplicably suffered *millions of dollars* in damages as a result of an online review by a 25-yr. old that was on Reddit only for a brief period of time. This wildly speculative statement of damages is lacking in foundation entirely and therefore does not suffice as evidence of damages necessary to support Plaintiffs' claims.

Plaintiffs even concede that one of their claims, for negligent interference with contractual relations, is not a claim recognized under California law. They suggest

that they could simply amend their complaint to dismiss that claim. That suggestion reflects a grave misunderstanding of anti-SLAPP procedure. Plaintiffs were required to ensure that their claims had merit *before* they filed a federal lawsuit based on them and *before* forcing Zarpas and this Court to waste its valuable time and resources adjudicating the claims through anti-SLAPP motions practice. Since they did not do so, the Court must adjudicate the motion and strike the meritless claim, among the others, rather than permit Plaintiffs to amend their complaint.

Business owners like the Plaintiffs cannot be permitted to silence consumer criticism of their products through the threat of litigation. California's legislature created a powerful tool in the anti-SLAPP statute to ensure that they cannot do so and, in turn, to compensate the consumers who are forced to hire attorneys to defend themselves against SLAPP suits. This case calls for a straightforward application of anti-SLAPP law and procedure and Zarpas' motion should be granted.

## II.  ARGUMENT-IN-REPLY

### A.  Defendant's Statements Were Made In Connection With an Issue of Public Interest

Plaintiffs argue implausibly that the statements at issue in this case were concerning "a private matter between Ms. Zarpas and Ms. Ouriel, not a public issue for the purposes of C.C.P. § 425.16(e)." *See* Plaintiffs' Joint Brief in Opposition to Defendant's Anti-SLAP Motion ("Opp.") at p. 3, ll. 5-7. In fact, the statements at issue were not private, but statements specifically intended for a public audience of consumers, in the form of a review posted on an immensely popular and frequently visited website named "Reddit".

In fact, by Plaintiffs' own estimation, Reddit is the "*17th-most-visited website in the world* and *7th most-visited website in the United States*." *Id.* at p.2, fn.1 (italics added). Throughout their opposition, Plaintiffs refer to the statements at issue in this case as the "Review" because that, in fact, was exactly what the statements were: a "review of a skincare brand" and its products. *Id.* at p.2.

By any stretch of the imagination, a consumer review posted on one of the world's most widely visited websites—which website exists solely for the purpose of facilitating public discussion among its users—cannot be considered a private matter. Zarpas cited numerous cases holding to the contrary but Plaintiff does not address or distinguish them. *See, e.g., Summit Bank v. Rogers*, 206 Cal.App.4th 669, 696–701 (2012); *Chaker v. Mateo*, 209 Cal. App. 4th 1138 (2012); *Krinsky v. Doe 6*; 159 Cal.App.4th 1154, 1162 (2008);

Instead, Plaintiffs offer only that "[t]he *Summit* case was decided in 2012 at the relative infancy of the present, massively influential, online platforms, such as Reddit. In more recent cases, the courts have become more cognizant of "the dynamic nature of this area of law." Opp. at p. 3, ll. 16-20.

Case law, however, obviously does not become obsolete in eight years and, in any event, Plaintiffs' assertion is self-defeating. The very fact that Reddit is "massively influential" and has proven able to move the markets, as Plaintiffs also observe, demonstrates that the platform serves as a widely visited public forum for the discussion of issues of public interest.

Statements about a business and its products, such as the one posted by Zarpas, plainly fall under the rubric of "consumer information" and within the broad parameters of public interest as used in the anti-SLAPP statute. *See Chaker v. Mateo, supra*, 209 Cal. App. 4th at 502 ("We also have little difficulty finding the statements were of public interest. The statements posted to the Ripoff Report Web site about Chaker's character and business practices plainly fall within in the rubric of consumer information about Chaker's [] business and were intended to serve as a warning to consumers about his trustworthiness.")

Like the Court in *Chaker* and in the numerous other cases cited by Zarpas in her opening brief and herein, this Court should have little difficulty in finding Zarpas' statements were of public interest. Zarpas has therefore met her burden at step 1 of the anti-SLAPP analysis.

3
REPLY MEMO ISO SPECIAL MOTION TO STRIKE (CCP 425.16)

### B. Plaintiffs Have Not Demonstrated a Reasonable Probability of Prevailing on Any of their Claims

Once it is established that activity falls within the ambit of the Anti-SLAPP statute, "[t]he burden then shifts to the plaintiff to establish a reasonable probability that the plaintiff will prevail on his or her [] claim." *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). Plaintiffs have not met this burden with respect to any of their claims and, in the case of at least one of their claims—for negligent interference with contractual relations—have conceded as much.

#### 1. *Plaintiffs Have Not Demonstrated a Reasonable Probability of Prevailing on their Defamation and Trade Libel Claims*

"'The sine qua non of recovery for defamation ... is the existence of a falsehood.' . . . . Because the statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability. Although statements of fact may be actionable as [defamation], statements of opinion are constitutionally protected." *McGarry v. University of San Diego*, 154 Cal.App.4th 97 (2007).

The review in this case consists entirely of Zarpas' opinion of Plaintiffs and their products and her opinion that they caused pimples "in places I never used to get them, like my cheeks." Opp. at p. 8, ll. 19-20 (quoting the Review). In their Opposition, Plaintiffs only response is to observe that Zarpas "appears to suffer from a chronic skin condition, referred to as acne." *Id.* at p. 9, ll. 23-24. This observation is irrelevant. Zarpas does not state that she never has had acne before but states her opinion and belief that Plaintiffs' products caused her to get acne in places "she never used to get them". Zarpas also speculates that Plaintiffs are hiding negative information about their products, a statement that is prefaced by the words "[i]t just makes me wonder". *Id.* at p. 9, l. 8. *See Baker v. Los Angeles Herald Examiner*, supra, 42 Cal.3d 254, 260-261 (1986) ("Where the language of the statement is

'cautiously phrased in terms of apparency,' the statement is less likely to be reasonably understood as a statement of fact rather than opinion.")

Failing to find any probably false assertion of fact in the review, rather than the opinion and conjecture described above, Plaintiffs have created out of whole cloth other purported statements of fact: "that Ms. Ouriel does not have scientific credentials … and that Oumere's products are not based on scientific research." Opp. at p. 9, ll. 14-15. There are, however, simply no such statements made in the review, either expressly or implicitly and, even if there were such statements, they would by inactionable opinion and/or speculation.

Because there is no provably false assertion of fact in the review, Plaintiffs' defamation and trade libel claims fail. In addition, the claim fails because Plaintiffs have presented no competent evidence of damages, let alone special damages, as required to sustain a trade libel claim. *Polygram Records, Inc. v. Superior Court*, 170 Cal.App.3d 543, 548–49 (1985); *see also Global Telemedia Intern., Inc. v. Doe I*, No. SACV00-1155-DOC(EEX), 132 F.Supp.2d 1261, 1267 (C.D. Cal. 2001) ("Even if the statements were actionable statements of fact, and not opinion, Plaintiffs must show damages as a result of the postings.").

Plaintiff Wendy Ouriel's assertion that her business has lost "in excess of $1,000,000 (likely multiples of that amount" as a result of a single, fleeting review posted on Reddit is wildly speculative, lacking entirely of foundation and Zarpas's objections to that purported "evidence" of damages should be sustained. (*See* Evidentiary Objections to Declaration of Wendy Ouriel ("Evid. Obj."), filed concurrently herewith). *See also Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist*., 106 Cal. App. 4th 1219, 1236 (2003) (opposition to Anti-SLAPP motion must be based on "competent and admissible evidence").

The only bases for Plaintiffs' damages figures are Ms. Ouriel's bald and unsupported assertions that "[e]ach Oumere loyalist represents a lifetime of income for the Oumere brand" and that Ms. Zarpas has caused a "loss of a lifetime of sales."

Opp. at p. 10, ll. 21-24. This is all smoke and mirrors with no basis in actual data and entirely devoid of context—one might reasonably question whether Plaintiffs have even generated millions of dollars in business in any particular year, given their representations that "Oumere is a small up-and-coming startup company." Opp. at p. 1, ll. 19-20. As Plaintiffs have failed to present competent and admissible evidence of damages with respect to any of their claims, they have failed to demonstrate a probability of prevailing on *any* of them (including the interference claims, addressed separately next).

### 2. Plaintiffs Have Not Demonstrated a Probability of Prevailing on their Interference Claims

Plaintiffs belatedly acknowledge that one of the claims they have pleaded—for "negligent interference with contractual relations"—is one that is not recognized under California law. To state the obvious, Plaintiffs therefore have not demonstrated a probability of prevailing on that claim. The claim therefore must be stricken. Plaintiffs are mistaken in believing that they can simply withdraw the claim in an amended complaint without further consequence. The purpose of the anti-SLAPP statute is to permit a defendant to not only weed out meritless claims made against them, but also be compensated for the time and resources spent doing so. Thus, although Zarpas and her attorneys maintain that every claim of the complaint should be stricken, if even one claim is stricken then they are be entitled to move for attorneys' fees. At a bare minimum, Plaintiffs' claim for negligent interference with contractual relations must be stricken.

Plaintiffs' other claims for intentional interference with contractual relations and negligent and intentional interference with prospective economic advantage should be stricken too, as Plaintiffs have not demonstrated a probability of prevailing on them either. For all of these, Plaintiffs must present some prima facie evidence that Zarpas' review actually interfered with contractual relations or prospective economic advantage. As purported "evidence" to that end, Plaintiffs provide

redacted emails from purported customers identified only as "Tuelay" and "Caryn". [ECF No. 19-6]. Caryn claims she "won't buying from you ever" because she "found this factual reporting of your company". *Id.*

The choice of words here "factual reporting" is highly suspicious and suggests a lawyer may actually be behind Caryn. One need not share that suspicion, however, to reject these emails as "evidence". They are entirely without foundation and consist of hearsay that cannot be admitted as evidence on an anti-SLAPP motion. *Evans v. Unkow*, 38 Cal. App. 4th 1490, 1497 (1995) ("An assessment of the probability of prevailing on the claim [under the Anti-SLAPP law] looks to trial, and the evidence that will be presented at that time. Such evidence must be admissible."). Zarpas' evidentiary objections to the emails should be sustained and Plaintiffs' weak attempt to manufacture support for their interference claims should be rejected. *See* Evid Obj. at p. 4 (observing that emails submitted as "Exhibit-4" are not attached to or authenticated by any declaration and objecting to the material based on Federal Rules of Evidence 901 (lack of authentication), 602 (lack of foundation) and 801 (hearsay).)

Additionally, the tort of interference with prospective economic advantage requires Plaintiffs to plead and prove some "independently wrongful act" committed by the Plaintiff. *Korea Supply Company v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1159 (2003). Here, Plaintiffs make the recursive claim that Zarpas committed an independently wrongful act by defaming them. However, for all the reasons described above, their defamation claim is not viable. Thus, for the alternative and independent reason that Plaintiffs cannot demonstrate an "independently wrongful act", their interference with prospective economic advantage must be stricken.

### III. <u>CONCLUSION</u>

Plaintiffs' claims are a classic and unfounded SLAPP, brought to harass Defendant and chill conversation designed to promote discussion of a publicly available consumer product. Plaintiffs' claims arise from free speech and conduct in furtherance thereof and are baseless and must be stricken.

Respectfully submitted,

Dated: March 29, 2021       **THE SYVERSON LAW FIRM**

By: /s/ Erik S. Syverson
      Erik S. Syverson

Attorneys for Defendant Calli Zarpas

# CERTIFICATE OF SERVICE

I, Geoffrey A. Neri, hereby declare under penalty of perjury as follows:

I am an attorney at the law firm of Brown Neri Smith & Khan, LLP, with offices at 11601 Wilshire Blvd., Ste. 2080, Los Angeles, California 90025. On the date below, I electronically filed the foregoing **REPLY MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on March 29, 2021

                                              /s/ Geoffrey A. Neri