JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:21-cv-00224-DOC(JDEx) | Date: June 29, 2021 |

Title: OUMERE LLC v. CALLI ZARPAS

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE [14]**

     Before the Court is Defendant Calli Zarpas ("Zarpas" or "Defendant") Motion to Strike the Complaint. ("Motion") (Dkt. 15). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. Pro. 78; Cal. R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS** Defendant's Motion.

**I. Background**

  **A. Factual Background**

     This motion is about canceling a complaint that alleges its filer is a victim of cancel culture. Specifically, Oumere, a manufacturer and distributor of skin care products, and its CEO, Wendy Ouriel, (collectively "Plaintiffs") allege Defendant induced some of Oumere's customers to stop patronizing the brand with a Reddit post ("the Post"). *See generally* Complaint ("Compl.") (Dkt. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00224-DOC(JDEx)                                               Date: June 29, 2021

Page 2

The Post, authored sometime in Fall 2020, was entitled "Oumere = Scam: An Honest Review of a Skincare Brand that's Hiding Something." *Id.* ¶ 13. The Post stated Defendant felt "scammed" after buying Oumere's "expensive" products that did not work for her. *Id.* The post went further, accusing Oumere of deleting negative reviews from its website. *Id.* The Complaint alleges Oumere lost two clients due to the Post. *Id.* ¶ 17.

A few months before the Post, Defendant contacted Oumere, advertising her services as a copy writer and brand manager. *Id.* ¶ 11. In addition to describing her services, Defendant stated Oumere had "a ground-breaking product" and that she was "trying" and "loving" Oumere's skin care regimen. *Id.* Despite the flattery, Plaintiffs refused Defendant's offer. *Id.* ¶ 12.

On December 17, 2020, Oumere's counsel served Defendant with a letter demanding "removal and retraction of the Review on Reddit and all other platforms." *Id.* ¶ 19. On December 24, 2020, Defendant offered to revise the review; Oumere refused and reiterated its demands from the letter. *Id.* ¶¶ 20-21. On January 5, 2021, Defendant removed the Post from Reddit but did not retract her statements.

## B. Procedural History

Plaintiff filed their Complaint in this Court on February 2, 2021, alleging Defendant's Reddit post constituted defamation, trade libel, intentional interference with contractual relations, intentional interference with prospective economic advantage, negligent interference with contractual relations, and negligent interference with prospective economic advantage. *See generally* Compl. The Complaint further alleges Defendant's Reddit post caused her $1,000,000 in actual damages. *Id.* ¶ 77.

Defendant filed the instant Motion to strike Plaintiff's complaint on March 15, 2021.

## II. Legal Standard

In 2003, the California Legislature passed a law aimed at curbing Strategic Lawsuits Against Public Participation ("SLAPPs"). The California anti-SLAPP statute gives defendants in a potential SLAPP a procedural shortcut to strike complaints that target "acts of [the Defendant] in furtherance of the person's right to petition or free speech." Code of Civil Procedure § 425.16(b)(1). "The goal [of the Anti-SLAPP] statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00224-DOC(JDEx)                      Date: June 29, 2021

Page 3

is to eliminate meritless or retaliatory litigation at an early stage of the proceedings." *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 806 (2002).

When deciding a motion to strike, courts follow a two-step process. "First, the court determines if the challenged cause of action arises from protected activity" under the California or U.S. constitutions. *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 98, 107 (2010). Second, if the defendant makes such a showing, the "burden shifts to the plaintiff to establish, with admissible evidence, a reasonable probability of prevailing on the merits." *Id.* "Only a cause of action that satisfies *both* prongs of the anti-SLAAP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002).

## III. Discussion

### A. Oumere's Lawsuit arises from Defendant's Protected Activities

The first step requires courts to assess whether the lawsuit "aris[es] from any act of that person in furtherance of the person's right" to speak or petition. Code of Civil Procedure § 425.16(b)(1). The statute specifically identifies written or oral statements "made in a place open to the public or in a public forum in connection with an issue of public interest" as acts that furthers a person's right to speak. Code of Civil Procedure § 425.16(e). Here, Defendant's Post was in a public forum about an issue of public interest.

Reddit is a public forum because it is a discussion board where people from all over the world can communicate with one another. *See* Compl. ¶¶ 15-16. Therefore, Defendant's Reddit post is "in a public forum." Code of Civil Procedure § 425.16(e); *see also Chaker*, 209 Cal. App. 4th 1138, 1146 (calling the internet an "electronic bulletin board open to literally billions of people all over the world," making it a "classic public forum").

The Post also addresses an issue of public interest. "An issue of public interest is any issue in which the public is interested." *Chaker v. Mateo*, 209 Cal. App. 4th 1138, 1146 (2012) (internal quotations omitted). And the public "has a well-recognized interest in knowing about the quality and contents of consumer goods." *Melaleuca, Inc. v. Clark*, 66 Cal. App. 4th 1344, 1363 (1998). For example, in *Chaker*, the court found a review on RipoffReport.com that warned others about a company's trustworthiness constituted statements made in the public interest. 209 Cal. App. 4th at 1147-48. Here too,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00224-DOC(JDEx)                            Date: June 29, 2021

Page 4

Defendant's Reddit post reviewed her experience with Oumere's products and cautioned readers about the products' effectiveness. Compl. ¶ 13. Thus, the Post addresses an issue of public interest.

Thus, Defendant has carried their initial burden of showing the conduct which prompted this suit was made in a public forum about a topic of public interest. Now, the Court turns to the second step.

### B. Plaintiff Has Failed to Show a Reasonable Likelihood of Success on All of their Claims.

The second step requires the Plaintiff to show a reasonable probability of success on the merits of their claims. *Stewart*, 181 Cal. App. 4th at 107. To satisfy this prong of the anti-SLAPP analysis, "the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie case showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiffs is credited." *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 695 (2012). Plaintiffs' burden is "akin to that of a party opposing a motion for summary judgment. *Id.* As such, causes of action will be stricken only if the plaintiff cannot show that, based on the undisputed facts, the defendant is not entitled to judgment as a matter of law. *See Feldman v. 1100 Park Lane Assocs.*, 160 Cal. App. 4th 1467, 1477-78 (2008). At this stage, courts neither "weigh the credibility" nor "evaluate the weight" of the evidence presented in the complaint and its accompanying exhibits. *Chaker*, 209 Cal. App. 4th at 1147 (citations omitted). Courts "accept as true all evidence favorable to the plaintiff and assess the defendant's evidence only to determine if it defeats the plaintiff's submission as a matter of law." *Id.* (citations omitted).

Here, Plaintiff's Complaint contains six causes of action. The Court considers the merits of each in turn.

### 1. Plaintiff's Defamation Claim

"To prevail on a claim for defamation, plaintiff must show four elements: that defendants published the statements; that the statements were about plaintiff; that they were false; and that defendants failed to use reasonable care to determine the truth or falsity." *Hecimovich v. Encinal School Parent Teacher Org. Org.*, 203 Cal. App. 4th 450, 470 (2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00224-DOC(JDEx)                                              Date: June 29, 2021

Page 5

The first two elements are clearly addressed in the Complaint. First, the Complaint states the Defendant "posted" her review on Reddit. Compl. ¶ 12. Additionally, this post was clearly about Plaintiffs since the post reviewed her experience with Plaintiffs' products. *Id.* ¶ 13.

For the third element, "the dispositive question for the court is whether a reasonable factfinder could conclude that the published statements imply a provably false *factual* assertion." *Melaleuca*, 66 Cal. App. 4th at 1353 (emphasis added). Thus, opinion statements cannot be the basis of a defamation suit. "Whether a statement is one of fact or opinion is a question of law," and courts make the determination according to the statement's "natural and poplar construction" considering the totality of the circumstances. *Id.* at 1353-54. The Court finds, based on both the Post's plain language and its surrounding circumstances, it is best understood as expressing an opinion.

The Post's language suggests it reflects Defendant's opinion. The bulk of the Post recounts Plaintiff's experience with the Oumere's products. Compl. ¶ 13. Such an individualized account, as opposed to using general statements, suggests an opinion. Indeed, the only general statements the Post contained begged a question: "It just makes me wonder how many other bad reviews she is hiding by immediately deleting them from her site." *Id.* This is not a factual statement.

The Post's context also supports the conclusion it expressed an opinion. When a post is made on the internet, a reader "should be predisposed to view them with a certain amount of skepticism and with an understanding that they will likely present one-sided viewpoints rather than assertions of provable facts." *Summit Bank*, 206 Cal. App. 4th at 696-97. For example, in *Summit Bank*, the court concluded a post on Craigslist, despite the fact it contained many factual words, was a statement of opinion because internet "board culture encourages discussion participants to play fast and loose with facts." *Id.*

Here too, Defendant's Post was made on an internet chat board. Compl. ¶ 13. As such, readers should be on notice that it presents a one-sided view of Oumere. Moreover, that Reddit allows posters to remain anonymous or use pseudonyms further supports the inference that the posters are ranting or expressing opinions, not stating provable facts. Therefore, both the Post's language and that it was published on an internet chat board leads the Court to conclude the Post contained expressed opinions, not facts.

Plaintiffs maintain the Defendant's previous email to Oumere offering her services and praising Oumere's products proves her opinions were not sincerely held. As such, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00224-DOC(JDEx)            Date: June 29, 2021

Page 6

Post could still defame Plaintiff. However, the proposition that "dishonest opinions are equivalent to false statements of fact would undermine the First Amendment." *Hofman Co. v. E.I. Du Pont De Nemours & Co.*, 202 Cal. App. 3d 390, 407 (1988) (abrogated on other grounds). Therefore, the email Defendant sent to Oumere before she made the Post is irrelevant to determining whether the Post was fact or opinion.

Having failed, as a matter of law, to show they have a reasonable probability of success on their defamation claim, Plaintiff's cause of action for defamation is stricken.

### 2. Plaintiff's Trade Libel Claim

Trade libel is the "intentional disparagement of the quality of property, which results in pecuniary damage to plaintiff." *Erlich v. Etner*, 224 Cal. App. 2d 69, 73 (1964) (citing Restatement (Second) of Torts §§ 626-27). Like defamation, "a statement must be false" to constitute trade libel. *Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547, 573 (1989). And "since mere opinions cannot by definition be false statements of fact, opinions will not support a cause of action for trade libel." *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1010-11 (2001).

As discussed above, the Post's language and context makes it an opinion. Accordingly, this cause of action is stricken.

### 3. Plaintiff's Intentional Interference with Prospective Economic Advantage Claim

"A plaintiff seeking to recover for an alleged" intentional interference with prospective economic advantage ("IIPEA") must prove "that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was *wrongful* by some legal measure." *Della Penna v. Totyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995) (emphasis added). In *Hofman*, a California appellate court ruled constitutionally protected speech cannot constitute wrongful conduct. 202 Cal. App. 3d at 403 (barring a "cause of action for intentional interference with prospective economic advantage on the basis of statements consisting either of true facts or opinions").

As discussed earlier, the Post was an opinion statement, not a statement of fact. As such, the Court strikes Plaintiff's IIPEA claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00224-DOC(JDEx)                      Date: June 29, 2021

Page 7

### 4.     Plaintiff's Intentional Interference with Contractual Relations Claim

In *Della Penna*, the California Supreme Court "dr[e]w and enfoce[d] a sharpened distinction between claims for the tortious disruption of an *existing* contract and claims that a *prospective* contractual or economic relationship has been interfered with." 11 Cal 4th at 492. While IIPEA claims require an independent wrongful act, intentional interference with contractual relations ("IICR") causes of action have a wrongful act baked in: interfering with an existing contract is generally "a wrong in and of itself." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 56 (1998). This difference can be explained by the solicitude our

Contractual relationships provide stability and parties make decisions relying on a stable relationship. Independent

Zealous economic competition can interfere with a rival's prospective economic advantage, but the distinction between IIPEA and IICR ensures these competitive practices cannot be litigated, so long as they do not violate other laws. Contracts, on the other hand, provide stability and breach is actionable; therefore, a party's

However, the California Supreme Court recently ruled there is an independent wrongfulness requirement when the defendant allegedly interferes with a contract that has "no legal basis . . . to expect the continuity of the relationship." *Ixcehel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130 (2020).

In reaching its decision, the *Ixcehel* court used the example of a customer who "regularly renews a one-time contract to purchase goods has a prospective economic relationship with the vendor with respect to future purchases of those goods" as a quintessential example of a contractual relationship that has no "legal assurance of the buyer's continued purchases." *Id.* at 1147. Oumere's relationship with its customers seems to fit this characterization. For instance, Oumere's founder and CEO, Wendy Ouriel, said her revenues "rely heavily on their reputation in the industry and on the loyalty of their clientele." Declaration of Wendy Ouriel (Dkt. 19-2). Similarly, emails from disgruntled customers further suggest Oumere does not enter long-term contracts with its customers that both parties rely on. *See* Ex. 4 (Dkt. 19-6). Thus, neither Oumere nor its customers have any "legal basis . . . to expect the continuity of the relationship." *Ixcehel*, 11 Cal. 4th at 1147. Accordingly, an independent wrongful act is required. As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00224-DOC(JDEx)                                    Date: June 29, 2021

Page 8

discussed earlier, Defendant's Reddit post did not constitute an independent wrongful act, so this cause of action is stricken.

### 5. Plaintiff's Negligent Interference with Prospective Economic Advantage Claim

Like IIPEA, a cause of action for negligent interference with prospective economic advantage requires an independent wrongful act. *Crown Imports, LLC v. Superior Court*, 223 Cal. App. 4th 1395, 1404 (2014). As discussed above, constitutionally protected speech cannot constitute an independently wrongful act. Therefore, this cause of action is stricken from the complaint.

### 6. Plaintiff's Negligent Interference with Contractual Relations Claim

In California, there is no cause of action for negligent interference with contractual relations. *Davis v. Nadrich*, 174 Cal. App. 4th 1, 9 (2009). This cause of action is stricken from the complaint.

## C. Attorneys' Fees

Prevailing defendants on motions to strike are entitled to recover reasonable attorneys' fees and costs. Code of Civ. Proc. § 425.16(c); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("Any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."). Therefore, the Court finds Defendant is entitled to recover reasonable attorneys' fees and costs related to the present lawsuit.

## IV. Disposition

For the above reasons, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Complaint without leave to amend. The Court further orders Plaintiff to pay Defendant reasonable attorneys' fees incurred through this lawsuit.