Erik S. Syverson (SBN 221933)
(erik@syversonlaw.com)
THE SYVERSON LAW FIRM
2288 Westwood Blvd., Ste 212
Los Angeles, California 90064
Tel: (310) 270-6000

Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Tel:   (310) 593-9890
Fax:   (310) 593-9980

Attorneys for Defendant
CALLI ZARPAS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| OUMERE, LLC, et al.<br><br>          Plaintiffs,<br><br>     v.<br><br>CALLI ZARPAS,<br><br>          Defendant. | Case No.: 8:21-CV-00224-DOC (JDEx)<br><br>**DECLARATION OF ERIK S. SYVERSON IN SUPPORT OF DEFENDANT CALLI ZARPAS' NOTICE OF MOTION AND MOTION FOR AN ORDER AWARDING ATTORNEYS' FEES AND COSTS**<br><br>Date:  August 9, 2021<br>Time:  8:30 a.m.<br>Ctrm:  9D<br><br>[Concurrently filed herewith: (1) Notice of Motion and Motion for Attorneys' Fees; (2) Memorandum of Points and Authorities; (3) Declaration of Geoffrey A. Neri; and (4) [Proposed] Order] |

DECLARATION OF ERIK S. SYVERSON

## DECLARATION OF ERIK S. SYVERSON

I, ERIK S. SYVERSON, declare as follows:

1. I am the founding partner of The Syverson Law Firm, co-counsel of record for Defendant Calli Zarpas ("Zarpas") in these proceedings, have personal knowledge of the facts set forth below, and if called upon to testify, I could and would competently testify thereto.

2. Shortly after Plaintiffs filed their Complaint on February 2, 2021, Zarpas contacted me after searching for attorneys with substantial experience in defamation law. Upon reviewing the case, I determined that it was subject to the anti-SLAPP statute and concluded that Zarpas would prevail in bringing an anti-SLAPP motion.

3. In my initial intake meeting with Zarpas, I learned that she is a resident of Virginia and a recent college graduate. I understood that she is therefore of modest means and could not afford to hire an attorney on an hourly basis to defend her. My current hourly rate is $750 per hour.

4. Zarpas was extremely distraught at the prospect of defending herself in a federal court so far away from home against a lawsuit that would be financially ruinous for here, seeking as it did millions of dollars in damages.

5. Because I knew that an award of attorneys' fees would be mandatory upon prevailing, I agreed to take the case on a full contingency, with the further understanding and belief that a multiplier of the lodestar amount could and should be applied as compensation for taking the case on a contingency and thereby undertaking the risk of not getting paid.

6. However, like Zarpas, Syverson is currently residing in another state, having had to relocate to North Carolina to undergo specialized cancer treatment for a malignant brain tumor at Duke University.

7. I therefore reached out to a former colleague in Los Angeles, attorney Geoffrey A. Neri, whom I knew to be experienced in defamation and anti-SLAPP litigation, and asked that he serve both as local counsel and co-counsel on the matter.

1
DECLARATION OF ERIK S. SYVERSON

1  Mr. Neri reluctantly agreed to do so, upon the understanding that we would both
2  recover our attorneys' fees upon prevailing on an anti-SLAPP motion.

3       8.  After finalizing our engagement agreement with Zarpas, I contacted
4  Plaintiff's counsel, Michael Ahmadshahi to meet and confer regarding the case.  In
5  my initial discussion with Mr. Ahmadshahi and in numerous discussions throughout
6  the case, I warned him that I expected Zarpas would prevail on the anti-SLAPP motion
7  and that the attorneys' fees would be substantial.  I therefore encouraged Mr.
8  Ahmadshahi to settle the case.

9       9.  At no time did Plaintiff's counsel offer that he would dismiss the Complaint
10 in exchange for a waiver of attorneys' fees or otherwise compromise.  To the contrary,
11 Mr. Ahmadshahi made baseless threats that he (Plaintiff's counsel) would somehow
12 be recovering attorneys' fees.

13      10.  The day after the reply was filed, Mr. Ahmadshahi sent an angrily-worded
14 email to me alleging that I had accused him of manufacturing evidence.  He threatened
15 to file an *ex parte* application for Rule 11 sanctions, which of course would be
16 prohibited under the "safe harbor" provision of Rule 11.  Mr. Ahmadshahi further
17 threatened to inject irrelevant matters from another case in North Carolina, in an
18 attempt to discredit me.  A true and correct copy of Mr. Ahmadshahi's email to me is
19 attached hereto as Exhibit "A".

20      11.  I am a 2002 graduate of Loyola Law School and have been continuously
21 practicing law in Los Angeles since 2002 with a particular focus upon defamation and
22 cases implicating the anti-SLAPP statute.

23      12.  I have taught MCLE courses regarding the proper application of the anti-
24 SLAPP statutes, which courses were attended by California Superior Court judges
25 such as the Hon. Judith Chirlin and the Hon. Mary Thornton House.

26      13.  I am ranked band one by Chambers and Partners for defamation and have
27 handled over 100 defamation cases, many of which were high-profile.  My notable
28 clients have included Academy award winning actors Julia Roberts and Jared Leto,

famous hedge fund owner Carson Block, and high-profile attorney Mark Geragos.

14. In anticipation of succeeding on an anti-SLAPP motion in this matter, and understanding the lodestar and multiplier method used by courts to award attorney fees, I have assiduously and carefully kept track of the time I spent on this matter and made detailed billing records. In doing so, I was careful not to record any time that I believed would be redundant or duplicative of tasks performed by my co-counsel Geoffrey A. Neri. I have spent 65.4 hours on matters related to and inextricably intertwined with the anti-SLAPP motion filed in this matter. A true and correct copy of my billing records are attached hereto as <u>Exhibit "B"</u>.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on July 12, 2021, in the County of Durham, North Carolina.

*/s/ E. Syverson*
_____
Erik S. Syverson

# EXHIBIT "A"

| | |
|---|---|
| **From:** | Michael Ahmadshahi <mahmadshahi@mmaiplaw.com> |
| **Sent:** | Tuesday, March 30, 2021 10:07 AM |
| **To:** | Erik Syverson |
| **Cc:** | Erik Syverson; Geoff Neri |
| **Subject:** | RE: settlement communication |
| **Attachments:** | SYVERSONdismiss.pdf; Syverson Sanction Article.pdf |

Erik,

I just read your reply. I will be filing my papers with the court regarding your vicious attack on my character and my clients' credibility by falsely accusing us of manufacturing evidence. I will be asking the court for sanctions under Rule 11 which you are well familiar with, see the attachments.

Very truly yours,

Michael

*The information contained in this electronic mail including any attachments thereto is legally privileged and confidential under applicable laws, and is intended only for the use of the individual or entity named above. If this message is received by an individual or entity other than the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify this office and purge the communication immediately without making any copy or distribution. Transmission of this email is neither intended nor provided to create a lawyer-client relationship, and receipt does not constitute a lawyer-client relationship. You should seek professional counsel before acting upon any of the information contained in this email.*

*MICHAEL M. AHMADSHAHI, PhD, Esq.*
*ATTORNEY AT LAW*

*AHMADSHAHI LAW OFFICES*
*Oracle Tower*
*17901 Von Karman Avenue, Ste. 600*
*Irvine, CA 92614*
*Toll Free: 800.747.6081*
*Tel.: 949.556.8800*
*Fax: 949.556.8701*
*Email: mahmadshahi@mmaiplaw.com*
*URL: http://www.mmaiplaw.com*

**From:** Michael Ahmadshahi
**Sent:** Monday, March 29, 2021 9:03 AM
**To:** Erik Syverson <eriksyverson@syversonlaw.com>
**Cc:** Erik Syverson <erik@syversonlaw.com>; Geoff Neri <geoff@bnsklaw.com>
**Subject:** RE: settlement communication

Acknowledged with thanks,

Michael

1

# EXHIBIT "B"

Erik Syverson time record
Oumere, et al. v. Zarpas
CACD 8:21-cv-00224-DOC-JDE

| date | Task | Time ($750/hr) | Subtotal |
|---|---|---|---|
|  |  |  |  |
| 2/16/21 | Evaluation meeting with client regarding defense retention | 2.5 | $1,875 |
| 2/17/21 | review and analyze complaint for possible defenses | 1.3 | $975 |
| 2/21/21 | Research plaintiffs' business and background by reviewing linkedin profile, youtube videos and new York times articles | 2.0 | 1,500 |
| 2/27/21 | review plaintiffs' companion case before judge Staton | 1.3 | 225 |
| 3/1/21 | Research, read and analyze Episcopal Church cases for authority supporting the granting of anti slapp motion | .5 | $375 |
| 3/1/21 | Research, read and analyze Ketchum v. Moses for authority supporting the granting of anti slapp motion | .8 | $600 |
| 3/2/21 | Research, read and analyze Macias v. Hartwell for authority supporting the granting of anti slapp motion | .3 | 225 |
| 3/2/21 | Research, read and analyze Navellier v. Sletten for authority supporting the granting of anti slapp motion | .8 | $600 |
| 3/2/21 | Research, read and analyze Nygard Inc. v. Uusi-Kerttula for authority supporting the granting of anti slapp motion | .5 | 375 |

Erik Syverson time record
Oumere, et al. v. Zarpas
CACD 8:21-cv-00224-DOC-JDE

| Date | Description | Hours | Amount |
|---|---|---|---|
| 3/3/21 | Research, read and analyze Robertson v. Rodriguez for authority supporting the granting of anti slapp motion | .9 | 675 |
| 3/3/21 | Research, read and analyze Rusheen v. Cohen for authority supporting the granting of anti slapp motion | 1.5 | 1,125 |
| 3/3/21 | Research, read and analyze Tamkin v. CBS broadcasting for authority supporting the granting of anti slapp motion | .4 | 300 |
| 3/3/21 | Research, read and analyze Taus v. Loftus for authority supporting the granting of anti slapp motion | .8 | 600 |
| 3/3/21 | Research, read and analyze Wilson v. Parker for authority supporting the granting of anti slapp motion | .5 | 375 |
| 3/4/21 | Draft introduction for memo of P and A | 2.6 | 1,200 |
| 3/4/21 | Draft Background Facts for memo of P and A | 1.9 | 675 |
| 3/4/21 | Draft Parties subsection of Background Facts for memo of P and A | 1.3 | 225 |
| 3/6/21 | Draft Public Interest subsection of Background Facts for memo of P and A | 2.2 | 150 |
| 3/6/21 | Draft Case History subsection of Background Facts for memo of P and A | 1.3 | 225 |
| 3/6/21 | Draft Plaintiffs' causes of action subsection of Background Facts for memo of P and A | 1.7 | 525 |

Erik Syverson time record
Oumere, et al. v. Zarpas
CACD 8:21-cv-00224-DOC-JDE

| | | | |
|---|---|---|---|
| 3/6/21 | Draft Legal Standards section for memo of P and A | .8 | 600 |
| 3/7/21 | Draft Argument section for memo of P and A | 4.7 | 2,775 |
| 3/7/21 | Draft section on recovery of fees for memo of P and A | .5 | 375 |
| 3/7/21 | Draft Syverson declaration for memo of P and A | 2.1 | 825 |
| 3/7/21 | Draft Zarpas declaration for memo of P and A | 1.7 | 525 |
| 3/8/21 | Edit Zarpas declaration per client notes | .6 | 150 |
| 3/8/21 | Draft proposed order | 1.0 | 750 |
| 3/12/21 | Revise memo of p and a's | 6.5 | 4,875 |
| 3/12/21 | Draft table of authorities for memo of p and a | .7 | 525 |
| 3/12/21 | Draft table of cases for memo of p and a | .8 | 600 |
| 3/12/21 | Draft cover pleading sheet for memo of p and a | .2 | 150 |
| 3/23/21 | Review opposition to anti slapp motion | .5 | 375 |
| 3/28/21 | Edit reply brief | 3.0 | 1,500 |
| 4/1/21 | Review plaintiffs' ex parte application and draft potential response | 4.5 | 3,375 |
| 4/1/21 | Review and revise opposition to plaintiffs' ex parte application | 2.8 | 2,100 |
| **COMMUNICATIONS WITH OPPOSING COUNSEL** | | | |
| 3/1/21 | Email exchange with Michael ahmadshahi regarding service issues and responsive pleading | .4 | 300 |
| 3/2/21 | Compose email to Michael ahmadshahi requesting local rule 7-3 conference. Review | .3 | 225 |

Erik Syverson time record
Oumere, et al. v. Zarpas
CACD 8:21-cv-00224-DOC-JDE

|  |  |  |  |
|---|---|---|---|
|  | requirements of local rule 7-3 and Court's standing order |  |  |
| 3/3/21 | Review Michael ahmadshahi response requesting bases for an anti slapp motion | .6 | 450 |
| 3/24/21 | Review rule 26 report draft by Michael ahmadshahi | 1.0 | 750 |
| 3/24/21 | Draft defendant's section of joint rule 26 report | 2.5 | 1,875 |
| 3/29/21 | Review and approve Michael ahmadshahi edits to joint rule 26 report | .5 | 375 |
| 3/30/21 | Review and respond to Michael ahmadshahi email threats to seek rule 11 sanctions | .8 | 600 |
| 3/30/21 | Research rule 11 requirements and case law in light of Michael ahmadshahi's threat to seek rule 11 sanctions | 2.2 | 1,650 |
| 4/27/21 | Review and respond to Michael ahmadshahi's request to select mediator | .3 | 225 |
| 4/28/21 | Review and respond to Michael ahmadshahi's emails regarding mediation logistics | .2 | 150 |
| 6/17/21 | Review and respond to Michael ahmadshahi's request to open discovery and continue the trial date | .5 | 375 |
| 6/17/21 | Review and respond to Michael ahmadshahi's ex parte communication to the Court's deputy clerk | .6 | 450 |
| totals |  | 65.4 | $49,050 |

# CERTIFICATE OF SERVICE

I, Geoffrey A. Neri, declare as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California, and my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025.

On July 12, 2021, I electronically filed the following document—DECLARATION OF ERIK S. SYVERSON—with the United States District Court for the Central District of California by using the court's CM/ECF system and all participants in the case who are registered CM/ECF users will thereby be served on July 12, 2021.

                    /s/ Geoffrey A. Neri
                    Geoffrey A. Neri