Erik S. Syverson (SBN 221933)
(erik@syversonlaw.com)
THE SYVERSON LAW FIRM
2288 Westwood Blvd., Ste 212
Los Angeles, California 90064
Tel: (310) 270-6000

Geoffrey A. Neri (SBN 258802)
(geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Tel:   (310) 593-9890
Fax:   (310) 593-9980

Attorneys for Defendant
CALLI ZARPAS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| OUMERE, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALLI ZARPAS,<br><br>Defendant. | Case No.: 8:21-CV-00224-DOC (JDEx)<br><br>**DECLARATION OF GEOFFREY A. NERI IN SUPPORT OF DEFENDANT CALLI ZARPAS' NOTICE OF MOTION AND MOTION FOR AN ORDER AWARDING ATTORNEYS' FEES AND COSTS**<br><br>Date:   August 9, 2021<br>Time:   8:30 a.m.<br>Ctrm:   9D<br><br>[Concurrently filed herewith: (1) Notice of Motion and Motion for Attorneys' Fees; (2) Memorandum of Points and Authorities; (3) Declaration of Erik S. Syverson; and (4) [Proposed] Order] |

## DECLARATION OF GEOFFREY A. NERI

I, GEOFFREY A. NERI, declare as follows:

1.  I am a partner in the law firm of Brown, Neri, Smith & Khan, LLP co-counsel of record for Defendant Calli Zarpas ("Zarpas") in these proceedings, have personal knowledge of the facts set forth below, and if called upon to testify, I could and would competently testify thereto.

2.  Shortly after Plaintiffs filed their Complaint on February 2, 2021, I was contacted by a former colleague of mine, Erik Syverson, who asked me if I would be willing to serve as both local counsel and co-counsel on this case.

3.  My practice consists mostly of hourly fee engagements and I was reluctant at first to take on a contingency case in federal court, especially given my substantial time commitments at the time to other hourly fee cases.   At the time Mr. Syverson contacted me, I was extremely busy, handling nine active hourly fee cases, including three anti-SLAPP appeals, with four matters slated to go to trial within a year.

4.  However, like Mr. Syverson, based on my experience with defamation cases and anti-SLAPP litigation, I believed that the case could be disposed of via an anti-SLAPP motion.

5.  Like Mr. Syverson, I took the case on contingency only because I understood and expected that they would be awarded attorneys' fees provided that we prevailed on an anti-SLAPP motion and for the additional reason that I believed that a risk multiplier could and should be applied as compensation for taking the case on a contingency and thereby undertaking the risk of not getting paid.

6.  I am a 2005 graduate of Georgetown University Law Center and have been practicing law continuously since 2006, after serving as a law clerk on the U.S. Court of Appeals for the Third Circuit.

7.  I am currently representing the plaintiff in a high-profile defamation case against a former participant on the popular reality television show the "Real Housewives of Orange County" and in doing so has successfully overcome an anti-

1    SLAPP motion and defended an appeal of that outcome.

2        8.  I have represented high-profile clients in the past, including W. Axl Rose,
3    lead singer of the rock band Guns N' Roses and future hall-of-fame heavyweight
4    boxer Roy Jones Jr.

5        9.  My partners and I formed the law firm Brown, Neri, Smith & Khan, LLP
6    ("BNSK"), after practicing at the internationally recognized law firm of Latham &
7    Watkins, LLP.

8        10.  BNSK has been highlighted in the Daily Journal under the byline "Small
9    Firm, Big Talent."  A true and correct copy of that Daily Journal article is attached
10   hereto as Exhibit "A".

11       11.  Current hourly rates for partners of BNSK, including me, range from $675
12   to $750 per hour, depending on the client and the nature of the engagement.

13       12.  On July 1, 2021, I sent Plaintiffs' counsel a meet-and-confer email,
14   pursuant to L.R. 7-3.  A true and correct copy of that email is attached hereto as
15   Exhibit "B".  Plaintiffs' counsel and I were unable to achieve any compromise that
16   would obviate the need for filing a motion for attorneys' fees.

17       14.  In anticipation of succeeding on an anti-SLAPP motion in this matter, and
18   understanding the lodestar and multiplier method used by courts to award attorney
19   fees, I have assiduously and carefully kept track of the time I spent on this matter and
20   made detailed billing records.  In doing so, I was careful not to record any time that I
21   believed would be redundant or duplicative of tasks performed by my co-counsel Erik
22   S. Syverson.  I have spent 78.8 hours on matters related to and inextricably
23   intertwined with the anti-SLAPP motion filed in this case, including the motion for
24   attorneys' fees, and estimate that I will spend another 20 hours reviews Plaintiffs'
25   opposition thereto and preparing reply briefing, for a total of 98.8 hours.  A true and
26   correct copy of my time records are attached hereto as Exhibit "C".

27       I declare under penalty of perjury of the laws of the United States of America
28   that the foregoing is true and correct.  Executed on July 11, 2021, in the County of

1    Los Angeles, California.

2

3                                                    Geoffrey A. Neri

4                                                _____

5                                                    Geoffrey A. Neri

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GEOFFREY A. NERI

# Exhibit "A"

Case 8:21-cv-00224-DOC-JDE   Document 37   Filed 07/12/21   Page 6 of 19   Page ID #:361

7/12/2021                    Small Firm. Big Talent - Daily Journal (3/19/19) - Brown Neri Smith Khan, LLP

# Small Firm. Big Talent – Daily Journal (3/19/19)

## LOS ANGELES & SAN FRANCISCO
# Daily Journal
www.dailyjournal.com

### MONDAY, MARCH 19, 2019

# Small Firm, Big Talent

*Big firm defectors at Brown, Neri, Smith & Khan pride themselves on providing top quality work on a range of matters.*

By Skylar Dubelko
Daily Journal Staff Writer



From left: Nathan Smith, Sara Colón, Geoffrey Neri, Ethan Brown, Amjad Khan

LOS ANGELES — Attorneys at litigation boutique Brown, Neri, Smith & Khan prefer being big fish in a small pond.

"I started the firm as a young partner at [Latham & Watkins], somewhat disillusioned by the big firm," said managing partner Ethan J. Brown, who founded the precursor of Brown, Neri, Smith & Khan LLP — Ethan Brown Law — in 2012. "Over the course of time, I've ended up talking to a lot of people who are kind of at that stage [I was]," Brown explained. "Senior associates, counsel [and] partners [who are] a little frustrated with the situation that they're in, and some of those people have decided to come and join."

The firm's growth has been organic. Consisting first of just Brown, the firm now has 14 attorneys on its roster.

As small firm with 'big firm' talent, Brown, Neri, Smith & Khan serves clients facing complex, high-stakes business disputes and prides itself on being nimble, hands-on and cost-effective.

"What I enjoy most about this work is the variety," said partner Sara Colón. She joined from Simpson Thacher & Bartlett LLP in 2013.

Colón thrives in the small firm environment, she said, and never finds herself bored with her work.

"I'm always doing something different. Today I was researching experts for a case, interviewing law students for summer associate positions, and tomorrow I could be writing a brief, the day after that I could be in court," Colón explained. "It keeps me on my toes and it keeps me engaged."

Next to join were partners Geoffrey A. Neri and Nathan M. Smith in March 2014 then partner Amjad M. Khan in April 2015. The firm was subsequently renamed Brown Neri Smith & Khan.

"Ethan, Geoff, Nate and I all worked at Latham & Watkins for years. So we all knew each other," Khan explained. After leaving Latham, Khan joined Akin Gump Strauss Hauer & Feld LLP as counsel.

In 2014, "I learned that they had come together and started a commercial litigation boutique," Khan recalled. "After a lot of discussion, ... I was convinced to leave and to take the leap; I think we all had leaps of faith."

Brown said he enjoys the flexibility a small firm environment affords him, noting the ability to structure fees in a creative way can be helpful.

"We've done some cases that were really interesting," he added. "But [they] weren't necessarily cases where the client could pay a strict hourly fee at the rates that we would otherwise charge."

The firm is representing Dot-ConnectAfrica Trust in an ongoing case against the Internet Corporation for Assigned Names and Numbers.

"[ICANN] controls the delegation of gTLDs — generic top level domains — like dot-com, dot-org, dot-biz, or in this case, dot-africa," Colón explained. "Our client had applied for dot-africa."

The client spent years and countless resources aimed at achieving the domain, according to court documents, and worked assiduously to follow ICANN's rules and procedures.

"ICANN ended up giving the gTLD to another applicant," Colón said, adding their client sued on a number of grounds, including fraud.

Describing the case as a wild ride, Colón said, "We actually had a judge retire after a trial, but before a judgment, so a mistrial was declared."

Noting they recently had a three-day bench trial on an affirmative defense, Colón said, in the next seven to nine months, they should find out whether they're going to trial on the merits.

"This three-day trial that we just did was actually a do-over, which is kind of interesting. It required us to be flexible," Colón explained.

7/12/2021                    Small Firm, Big Talent - Daily Journal (3/19/19) - Brown Neri Smith Khan, LLP

"We had everything that happened the first time around to take into consideration, so it's not like we were just up there doing the exact same thing we did the first time," she added.

Likening the case to a David-versus-Goliath situation, Brown said, "ICANN, despite being a nonprofit, has assets of hundreds of millions of dollars, they're represented by Jones Day. We represent a pretty small outfit in Africa." *DotConnectAfrica Trust v. ICANN*, BC607494 (L. A. Super. Ct., filed Jan. 20, 2016).

Retired Latham & Watkins partner G. Andrew Lundberg said Brown Neri Smith & Khan is his first recommendation when somebody asks, "Who's the best lawyer in Los Angeles that isn't in a gigantic firm?"

"It is accurately referred to as a Latham & Watkins spinoff," Lundberg said of the boutique.

Noting many of the firm's partners and associates previously worked as Latham litigators, Lundberg said, "You don't get that job, even as a first-year associate, without having a major brain and a lot of work ethic, and they really have done a very good job of cherry picking Latham alums to fill out the roster over there."

Brown recently tried a case on behalf of restoration services provider Interstate Restoration.

"They came into a situation where there was a charity who had owned some large buildings that got basically flooded in a rainstorm and had to be renovated," Brown said, noting the case presented a lot of complicated issues.

"There was insurance involved and the contractor, who was doing some underlying renovations in the buildings," Brown explained. "It was a big document case, which can be hard to manage at a smaller firm, but we managed to figure out how."

Brown won a jury verdict of $6,191 million — "which is what we were asking for," — on behalf of his client.

Noting they've yet to deal with costs and interest, Brown said, "I think we're going to end up somewhere around $9.7 million." *Liberty Surplus Insurance Corporation v. LTD Construction*, BC609793 (L. A. Super. Ct., filed Feb. 16, 2016).

Denver-based Burg Simpson Eldredge Hersh & Jardine PC of counsel Dale J. Coplan serves as outside general counsel for Interstate

Restoration.

"This matter arose in Los Angeles, [and] I engaged Ethan. I found him to be bright, energetic and he works really well collaboratively," Coplan said.

"As far as a trial attorney, I think what can be said is he took the case after three years of fighting in a very complex, insurance-related matter, [and] the jury came back with a verdict for every penny we asked for," he added.

Noting he put together a really good team, Coplan acknowledged Brown was the only attorney standing up in court.

"He's been great. I really enjoyed working with him," Coplan added. "I'm pleased with the firm. The case is still ongoing, and it could be for a while, [but] I look forward to working with him, and I would certainly work with him in the future."

At the end of the day, attorneys at Brown, Neri, Smith & Khan value their clients above all else.

"The most rewarding thing of all," Brown said, "is when you have those moments — and they don't occur every day — where a client really feels like they got the results and what they were looking for."

Reprinted with permission from the *Daily Journal*. ©2019 Daily Journal Corporation. All rights reserved. Reprinted by ReprintPros 949-702-5390

## Return to The Complex Business Litigation Blog

## SITEMAP

Home

Attorneys

Practice Areas

Rates

News & Results

Contact Us

## ATTORNEYS

Ethan J. Brown

Geoffrey A. Neri

Nathan M. Smith

Amjad M. Khan

Sara Colon

Ryan Abbott

David E. Jang

Todd A. Boock

Patricia Eberwine

# Exhibit "B"

**From:** Geoff Neri
**Sent:** Thursday, July 1, 2021 4:14 PM
**To:** Michael Ahmadshahi <mahmadshahi@mmaiplaw.com>
**Cc:** Erik Syverson <erik@syversonlaw.com>
**Subject:** L.R. 7-3 Meet-and-Confer Request

Dear Michael,

I am emailing to request a Local Rule 7-3 meeting to confer with respect to an anticipated Motion for an Order Awarding Attorneys' Fees and Costs (the "Motion") to be filed by Defendant Calli Zarpas ("Defendant").   Grounds for the Motion will be as follows:

1.  Judge Carter has already correctly concluded that an award of attorneys' fees and costs is mandatory where, as here, a defendant prevails on an anti-SLAPP motion (*see* Code Civ. Proc. ("CCP") section 425.16(c); *Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206, 1209 (mandatory fee-shifting provision of CCP 425.16(c) also applies in federal court); *New.net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D. Cal. 2004) ("defendant who prevails on an anti-SLAPP motion to strike is entitled to recover his or her attorney fees"); and

2.  a party seeking to recover attorneys' fees and costs on a successful anti-SLAPP motion may opt to do so "by a subsequent noticed motion[.]"  *Melbostad v. Fisher*, 165 Cal.App.4th 987, 992 (2018).

Please bear in mind that the mandatory fee award will also include the fees and costs incurred in making the Motion and obtaining the fee award.  Furthermore, the court must consider whether a plaintiff's actions "caused [defendant'] to incur the attorneys fees and costs".  *Metabolife Int'l, Inc. v. Wornick*, 213 F.Supp.2d 1220, 1222 (S.D. Cal. 2002).

In connection with the Motion, we will be presenting evidence of Plaintiffs' actions in "running up the bill" in this case (*e.g.*, ill-conceived *ex parte* practice) and consistent failure to reasonably consider settlement demands by Defendant, which, if accepted, would have minimized the fees and costs they now unquestionably will have to pay Defendant.

To that end, I would urge you to reconsider Defendant's last eminently reasonable settlement offer of earlier today, which, if accepted, would save your clients the fees and costs they will have to pay for the work to be done on the Motion and beyond in enforcing the money judgment obtained.

I would also urge you to reconsider any decision to file an appeal, if that is truly your clients' wishes. The grounds you have stated for that appeal – Judge Carter's decision to adjudicate the motion on

the papers rather than hold a hearing and an alleged failure by him to consider certain facts – are patently frivolous.

More importantly, for purposes of your clients' exposure, you should be sure to remind them that they will be required to pay Defendant's attorneys' fees, costs and expenses incurred in defending the appeal. *Dove Audio, Inc. v. Rosenfeld, Meyer, & Susman,* 47 Cal.App.4th 777, 785 (1996); Ninth Circuit Rule 39-1.8. Those fees, costs and expenses will surely equal, and more likely surpass, the fees and costs already incurred in this case.

To paraphrase Mark Twain, "sometimes when you find yourself in a hole, the best exit strategy is to stop digging." Michael, respectfully, you and your clients have already dug yourselves deep into a hole and it time for you to stop digging.

Best regards,

Geoffrey A. Neri
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
T: (310) 593-9890
F: (310) 593-9980
Email: geoff@bnsklaw.com



# Exhibit "C"



Brown Neri Smith & Khan LLP
310-593-9890

11601 Wilshire Blvd
Los Angeles, California
90025
United States

| Billed To | Date of Issue | Invoice Number | Amount Due (USD) |
|---|---|---|---|
| Calli Zarpas | 07/12/2021 | 0003364 | **$0.00** |
| United States | | | |
| | Due Date | | |
| | 08/11/2021 | | |

| Description | Rate | Qty | Line Total |
|---|---|---|---|
| Time | $0.00 | 0.8 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri -- Feb 22, 2021 | | | |
| Confer with E. Syverson re new retention of defamation defense matter and overall defense strategy | | | |
| Time | $0.00 | 2.7 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri -- Feb 23, 2021 | | | |
| Review complaint and documents related to allegations of the complaint (online review, demand for retraction) and other factual background documents | | | |
| Time | $0.00 | 3.8 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri -- Feb 24, 2021 | | | |
| Review case law and other legal authorities on defamation fact/opinion dichotomy as it pertains to social media postings | | | |
| Time | $0.00 | 2.8 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri -- Feb 25, 2021 | | | |
| Continue to review case law on social media defamation cases and anti-SLAPP defenses thereto | | | |
| Time | $0.00 | 0.8 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri -- Mar 3, 2021 | | | |
| Confer with co-counsel E. Syverson re settlement proposals exchanged with opposing counsel and overall strategy moving forward | | | |
| Time | $0.00 | 2.9 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri -- Mar 10, 2021 | | | |
| Finalize anti-SLAPP motion and related documents for ECF filing and file documents | | | |
| Time | $0.00 | 4.4 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri -- Mar 10, 2021 | | | |
| Review and revise draft of anti-SLAPP motion and memorandum of | | | |

points and authorities (initial draft by E. Syverson) and prepare for filing

| | | | |
|---|---|---|---|
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 16, 2021<br>Draft and file proposed order | $0.00 | 0.9 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 16, 2021<br>Review and revise draft declarations (initial draft by E. Syverson) in<br>support of anti-SLAPP motion and prepare for filing | $0.00 | 2.8 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 18, 2021<br>Review order setting scheduling conference and J. Carter's local<br>practices and procedures for conference and joint Rule 16 conference<br>statement | $0.00 | 1.8 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 22, 2021<br>Review and evaluate memorandum of points and authorities in<br>opposition to anti-SLAPP motion and read and evaluate case law and<br>other legal authorities cited therein | $0.00 | 3.7 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 23, 2021<br>Continue review and evaluation of points and authorities cited by<br>Plaintiffs in opposition to anti-SLAPP motion | $0.00 | 2.2 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 24, 2021<br>Draft memorandum of points and authorities in reply to opposition to<br>anti-SLAPP motion and in support of anti-SLAPP motion | $0.00 | 4.9 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 24, 2021<br>Review and revise Joint Rule 26(f) conference statement | $0.00 | 1.8 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 25, 2021<br>Continue drafting and revise memorandum of points and authorities in<br>reply to opposition to anti-SLAPP motion and in support of motion | $0.00 | 4.5 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 26, 2021<br>Revise and finalize for filing reply memorandum of points and<br>authorities in reply to opposition to anti-SLAPP motion | $0.00 | 5.2 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 30, 2021<br>Review case law and legal authorities re litigation privilege for<br>statements made in briefing in response to opposing counsel's threat of<br>Rule 11 sanctions | $0.00 | 1.9 | $0.00 |
| Time<br>(Oumere, LLC matter) Geoffrey Neri -- Mar 30, 2021<br>Review email from opposing counsel re threatened Rule 11 sanctions<br>for statements made in briefing and confer with E. Syverson | $0.00 | 1.3 | $0.00 |

| | | | |
|---|---|---|---|
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Apr 1, 2021<br>Review and evaluate Plaintiffs' ex parte application for leave to file sur-reply brief and case law and authorities re leave to file sur-reply brief | $0.00 | 1.3 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Apr 5, 2021<br>Draft and file opposition to ex parte application for leave to file sur-reply brief and supporting documents | $0.00 | 3.4 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Apr 7, 2021<br>Review scheduling order of the court and confer with co-counsel E. Syverson re settlement and overall case strategy | $0.00 | 1.3 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Apr 22, 2021<br>Review bios and background of mediators proposed by opposing counsel | $0.00 | 1.3 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Jun 30, 2021<br>Review and evaluate Court's order granting anti-SLAPP motion | $0.00 | 1.2 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Jul 1, 2021<br>Draft L.R. 7-3 meet-and-confer email to opposing counsel and review and evaluate purported grounds for appeal described by opposing counsel | $0.00 | 1.7 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Jul 5, 2021<br>Review case law and other legal authorities re recovery of attorneys' fees pursuant to anti-SLAPP statute | $0.00 | 3.7 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Jul 6, 2021<br>Draft notice of motion and motion for attorneys' fees | $0.00 | 1.8 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Jul 7, 2021<br>Draft memorandum of points and authorities in support of motion for attorneys' fees | $0.00 | 4.6 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Jul 8, 2021<br>Continue drafting and revise memorandum of points and authorities in support of motion for attorneys' fees | $0.00 | 3.7 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Jul 9, 2021<br>Revise memorandum of points and authorities in support of motion for attorneys' fees | $0.00 | 3.3 | $0.00 |
| **Time**<br>(Oumere, LLC matter) Geoffrey Neri – Jul 10, 2021<br>Draft and revise declarations of G. Neri and E. Syverson in support of motion for attorneys' fees and gather and prepare exhibits thereto | $0.00 | 4.6 | $0.00 |

| Time | $0.00 | 2.7 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri – Jul 12, 2021 | | | |
| Finalize and prepare documents for filing re notice of motion and motion for attorneys' fees | | | |

| Time | $0.00 | 5 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri – Jul 26, 2021 | | | |
| (Projected/Anticipated) Review opposition to motion for attorneys' fees and draft reply | | | |

| Time | $0.00 | 5 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri – Jul 27, 2021 | | | |
| (Projected/Anticipated) Review opposition to motion for attorneys' fees and draft reply | | | |

| Time | $0.00 | 5 | $0.00 |
| (Oumere, LLC matter) Geoffrey Neri – Jul 28, 2021 | | | |
| (Projected/Anticipated) Review opposition to motion for attorneys' fees and draft reply | | | |

| | |
| --- | --- |
| Subtotal | 0.00 |
| Tax | 0.00 |
| Total | 0.00 |
| Amount Paid | 0.00 |
| Amount Due (USD) | $0.00 |

# EXHIBIT "D"

# LAFFEY MATRIX

History

Case Law

Expert Opinions

See the Matrix

Contact us

Home

Links

| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

1

## **CERTIFICATE OF SERVICE**

2    I, Geoffrey A. Neri, declare as follows:

3    I am over the age of eighteen years of age and am not a party to this action. I

4  am employed in the County of Los Angeles, State of California, and my business

5  address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025.

6    On July 12, 2021, I electronically filed the following document—

7  DECLARATION OF GEOFFREY A. NERI—with the United States District Court

8  for the Central District of California by using the court's CM/ECF system and all

9  participants in the case who are registered CM/ECF users will thereby be served on

10  July 12, 2021.

11

12                                              /s/ Geoffrey A. Neri
                                                Geoffrey A. Neri

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28