UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:21-cv-00224-DOC-(JDEx) | Date: July 30, 2021 |

Title: OUMERE, LLC ET AL. V. CALLI ZARPAS

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES [35]**

Before the Court is Defendant Calli Zarpas's ("Defendant") Motion for Attorney Fees ("Motion") (Dkt. 35). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court hereby GRANTS the Defendant's Motion.

## I. Background

### A. Facts

Plaintiff Oumere LLC is an American cosmetics company. Compl. ¶ 1. Plaintiff Wendy Ouriel is the founder and CEO of Oumere. *Id.* ¶ 2. Defendant Calli Zarpas is an individual who provides social media management, content marketing, and SEO blogging and copywriting services to businesses. *Id.* ¶ 3.

On or about July 25, 2020, Defendant emailed Plaintiffs to offer her services of social media management, content marketing, and SEO blogging and copywriting. *Id.* ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-CV-001537-DOC-ADS                                  Date: July 30, 2021

Page 2

11. After Plaintiffs refused her services, Defendant posted a review expressing her negative opinion of Plaintiffs' products on Reddit. *Id.* ¶ 12.

On December 17, 2020, Plaintiffs served a demand letter on Defendant demanding removal and retraction of the review on Reddit and all other platforms. *Id.* ¶ 19. On December 24, 2020, Defendant offered to revise the review. *Id.* ¶ 20. Plaintiffs refused and reiterated their demands on December 28, 2020. *Id.* ¶ 21. On January 5, 2021, Defendant, through her counsel, informed Plaintiffs that she had removed the review on Reddit, but refused to post a retraction. *Id.* ¶ 22. Plaintiffs filed this Complaint on February 2, 2021 after the parties failed to settle the dispute without court action. *Id.* ¶ 23.

On June 29, 2021, this Court entered judgment in favor of Defendant against the Plaintiffs and dismissed Plaintiffs' Complaint. Order. Dkt. 31. Thus, as the prevailing party, Defendant is entitled to an award of attorneys' fees and costs. After attempting to negotiate a reasonable settlement, however, the parties remained "worlds apart" in their views of reasonable attorneys' fees. Mot. at 6. Accordingly, Defendant proceeded to file this motion. *Id.*

### B. Procedural History

On Febraury 2, 2021, Plaintiffs filed a Complaint against Defendant. Compl. (Dkt. 1). On March 15, 2021, Defendant filed a motion to strike. (Dkt. 15). Plaintiffs opposed the motion to strike on March 22, 2021. (Dkt. 19). Defendant replied to Plaintiffs' opposition on March 29, 2021. (Dkt. 21). On June 29, 2021, the Court granted Defendant's motion to strike. (Dkt. 31).

On July 12, 2021, Defendant filed this Motion for Attorneys' Fees. Motion. (Dkt. 35). Plaintiffs opposed the Motion on July 16, 2021. Opposition. (Dkt. 38). Defendant replied on July 26, 2021. Reply. (Dkt. 39).

## II.   Legal Standard

Cal. Civ. Code § 1717(a) provides for the recovery of "reasonable" attorneys' fees. *See* Cal. Civ. Code § 1717(a). In California, the reasonableness of fees is assessed using the "lodestar" method, which involves multiplying the number of hours reasonably expended by the attorneys who worked on a matter by a reasonable hourly rate. *See, e.g., Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) ("The determination of what constitutes a reasonable fee generally 'begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-CV-001537-DOC-ADS    Date: July 30, 2021

Page 3

(quoting *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1096 (2000)). The Ninth Circuit employs the lodestar method to determine a reasonable attorney's fee award. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The lodestar amount is calculated by multiplying the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate." *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (internal citations omitted).

The court may then adjust the lodestar calculation upwards or downwards based on a number of factors, including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id.* at 1132. In contingency cases, the initial lodestar figure may be adjusted upward in order to compensate attorneys for the risk of taking on a case for which they might not have been compensated. *Id.* at 1332-33.

## III. Discussion

Defendant requests a fee award of $246,300.00. Mot. at 2. Defendant argues that the current reasonable hourly rate for her attorneys' services is $750 per hour. *Id.* Both the attorneys are founding partners at their respective firms, and they also have extensive experience in defamation cases and anti-SLAPP practice. *Id.* at 1. Additionally, her attorneys have reasonably spent 164.2 hours to obtain dismissal of the case and to prepare the instant fee motion. *Id.* Under the lodestar method, then, the amount is $123,150.00 in attorneys' fees. Defendant, however, points out that the Court can and should apply a multiplier, given that her attorneys took the case on a full contingency, undertaking the risk of not getting paid. *Id.* Defendant claims that applying a multiplier of 2 to the lodestar amount would be reasonable and appropriate. Therefore, Defendant claims that $246,300.00 is a reasonable attorneys' fee award.

Plaintiffs, however, argue that this fee award of $246,300.00 is unreasonable because it reflects an inflated number of hours. Opp'n. at 3. Plaintiffs instead offer to Defendant $16,000 as reasonable attorneys' fees, computed as 40 hours of attorney time at $400 per hour. *Id.* at 2. Plaintiffs point to their own attorney's cost and services to reflect on Defendant's attorneys' inflation: Plaintiffs claim that their attorney spent 46.3 hours to oppose the anti-SLAPP motion at $450 per hour. *Id.* at 6. Additionally, Plaintiffs contend that Defendant's attorneys' time records in drafting emails and opposition to an ex parte application further reflect an inflated number of hours. *Id.* at 3-5. Defendant's attorneys claim that they spent 24 minutes communicating with Plaintiffs' attorney over three emails. *Id.* at 3-4. Furthermore, Defendant's attorneys assert that they spent 3.4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-CV-001537-DOC-ADS                                    Date: July 30, 2021

Page 4

hours drafting and filing an opposition on April *5*, 2021, when the stated opposition was filed on April *1*, 2021. *Id.* at 5. Thus, based on this information, Plaintiffs conclude that Defendant's attorneys inflated the number of hours they spent on the case.

The Court finds that $160,095.00 is a reasonable amount for attorneys' fees.

First, given their extensive experience, Defendant's attorneys' requested rate of $750 per hour is reasonable and in line with recent orders regarding reasonable attorneys' fees in the Central District. *Cohen v. Aetna Life Ins. Co.*, 2021 WL 2070205, at *6 (C.D. Cal. May 18, 2021) (finding $750 per hour a reasonable hourly rate in the Central District of California). Furthermore, 164.2 hours is a reasonable amount of time to spend on obtaining a dismissal of the entire case and preparing the instant fee motion. Anti-SLAPP motions are time-consuming; it is thereby not unreasonable for Defendant's attorneys to spend 164.2 hours on this case. *See, e.g., Piping Rock Partners, Inc. v. David Lerner Associates, Inc.*, 2015 WL 4932248, at *3 (finding that it was reasonable to employ two law firms and to bill 247 hours of attorney and clerk time). Moreover, Plaintiffs are repeat offenders, having also filed at least one other meritless lawsuit against another individual who posted a negative review about their products. *See Oumere, LLC, et al. v. Cyrille Raymond Laurent*, 2020 WL 8027779 (C.D. Cal. 2020). Additionally, "'lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk.'" *Ketchum v. Moses*, 24 Cal.4th 1122,1136 (citation omitted). Accordingly, a "'contingent fee *must be higher* than a fee for the same legal services paid as they are performed.'" *Id.* at 1132 (citation omitted) (emphasis added). While Defendant requested a multiplier of 2, that request seems excessive in this context. Rather, the Court finds that a multiplier of 1.3 is reasonable, given that the Defendant's attorneys took the case on a full contingency. Therefore, the Court finds that $160,095.00 is a reasonable amount for attorneys' fees.

To rebut Defendant's requested attorneys' fees, Plaintiffs must submit evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by Defendant. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). "[C]onclusory and unsubstantiated objections" are inadequate. *Hadley v. Krepel*, 167 Cal.App.3d 677, 684 (1985). Here, Plaintiffs pointed to Defendant's attorneys' emails and the erroneous date on Defendant's filing of an opposition as evidence that Defendant's attorneys have improperly inflated their hours. Such points, however, do not adequately challenge the accuracy and reasonableness of the hours charged or the facts asserted by Defendant. Regarding the emails, for example, Plaintiffs are merely speculating that Defendant's attorneys inflated the time they spent communicating with Plaintiffs' attorney. Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-CV-001537-DOC-ADS                           Date: July 30, 2021

Page 5

did not submit actual evidence revealing that the time recorded was inflated. Moreover, a clerical error in dating the filing of the opposition does not prove that Defendant's attorneys inflated their hours. Therefore, Plaintiffs have failed to submit evidence challenging the accuracy and reasonableness of Defendant's attorneys' requested fees.

       Moreover, Plaintiffs erroneously point to their attorney's costs and services to set the standard for what is reasonable. Plaintiffs urge the Court to use their attorney's "claimed expenditure of time as the yardstick for an award of fees." Opp'n. at 6. However, courts "should defer to the *winning lawyer's* professional judgment as to how much time he was required to spend on the case; *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (emphasis added). While Plaintiffs argue that Defendant's attorneys spent an excessive amount of time on the case, Defendant's attorneys successfully obtained a dismissal of the entire case. Defendant's attorneys' success indicates that the relative additional time they spent on the case, compared to Plaintiffs' attorney, was beneficial and warranted. Therefore, the Court defers to Defendant's attorneys, and finds that the billed time of 164.2 hours is reasonable.

## IV.    Disposition

       For the reasons set forth above, the Court GRANTS Defendant's Motion for Attorney Fees and orders the Plaintiffs to pay $160,095.00 to Defendant.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                Initials of Deputy Clerk: kd

CIVIL-GEN